Spencer D. Lorton v. Commissioner.
Lorton v. Commissioner
Docket No. 39355.
United States Tax Court
T.C. Memo 1954-154; 1954 Tax Ct. Memo LEXIS 92; 13 T.C.M. (CCH) 872; T.C.M. (RIA) 54260; September 20, 1954, Filed *92 Petitioner was a certified public accountant, and taught courses in Federal Income Taxation. He failed to report substantial amounts of income and claimed unallowable deductions on his return for 1947 on which he reported a net loss. He failed to appear at the hearing, and respondent's motion to dismiss the proceeding as to the deficiency was granted. Held, a part of the deficiency was due to fraud with intent to evade tax. George T. Donoghue, Jr., Esq., for the respondent. RICE
Memorandum Finding of Fact and Opinion This proceeding involves a deficiency in income tax for the year 1947 of $11,246.99 and a penalty, as provided by section 293(b) of the Internal Revenue Code of 1939, of $5,623.50 determined against Spencer D. Lorton (hereinafter referred to as the petitioner). On October 19, 1951, pursuant to section 273(c) of such Code, the respondent made a jeopardy assessment against petitioner for the amount of the deficiency and penalty, together with interest in the amount of $2,425.50. Petitioner failed to appear when this proceeding came on for hearing on the calendar at Chicago, Illinois, November 30, 1953. We granted respondent's motion that the *93 proceeding be dismissed, as to the deficiency, for failure to prosecute. The sole remaining issue is whether any part of the deficiency was due to fraud with intent to evade tax. Findings of Fact Petitioner was a certified public accountant whose principal place of business during 1947 was Springfield, Illinois. He filed his individual Federal income tax return for such year in the cash basis with the collector of internal revenue for the fifteenth district of Massachusetts. During 1947, petitioner was actively engaged in the pursuit of his profession. He was employed by individuals and by counties of the State of Illinois in making audits and preparing income tax returns. He also maintained an office or some point of contact in Chicago, New York City, and Boston, for clients located in those cities. He taught courses in Federal Income Taxation. Petitioner maintained an account in each of the following banks: The Security Bank of Mt. Carmel, Mt. Carmel, Illinois
National Shawmut Bank, Boston, Massachusetts
State Bank of Cowden, Cowden, Illinois There were no deposits of cash in such accounts during the year. On his return for 1947, petitioner reported a net loss, *94 computed as follows: Total Bank Deposits
$82,062.82
Cash Income
6,324.50
$88,387.32
Less: Schedule D Income
2,725.00
$85,662.32
Less: Redeposits and Transfers
42,752.84
$42,909.48
Other Business Deductions
and Losses
58,108.07
Net Loss
($15,198.59)
Net Capital Loss
(615.28)
Net Loss for Year
($15,813.87)
Respondent addressed 2 letters to petitioner in June 1950, asking that he arrange with respondent's agent for a suitable time for commencement of an examination of his income tax returns. No reply was received from petitioner. Once in October and twice in December 1950 and once in March 1951, respondent's agent personally talked with petitioner as to a suitable time when his books might be examined. Petitioner consistently refused access to his books and records. Respondent determined that petitioner received gross income of $49,524.61 and net income of $29,272.49. In reaching his determination, he made an analysis of petitioner's 3 bank accounts which, after allowance for transfers from one account to another and the proceeds of loans, disclosed net deposits of income and unidentified items as follows: Unidentified
Income
Items
State Bank of Cowden
$ 3,357.24
$ 150.00
National Shawmut Bank
18,647.28
10,753.09
Security Bank of
Mt. Carmel
4,837.00
0
$26,841.52
$10,903.09
Total
$37,744.61
*95 Respondent also discovered that petitioner received checks which he cashed but did not deposit in the total amount of $11,480. * This sum, respondent added to the total bank deposits of income and the total of unidentified deposits in determining petitioner's gross income to be $49,524.61. Set forth below are deductions as claimed by petitioner and as allowed by respondent: Business Deductions
Claimed
Allowed
Bad Debts
$ 2,550.00 $0
Depreciation
2,200.00
0
Total
$ 4,750.00
0
Other Business Deductions
Salaries and Wages
$ 6,436.32
$ 3,218.16
Interest on Business
Indebtedness
158.05
79.03
Taxes on Business
Property
1,256.59
628.29
Depreciation
1,648.81
824.41
Rent, Repairs, and Other
Deductions
31,004.45
15,502.23
Net Operating Loss
for 1945
12,853.85
0
Total
$53,358.07
$20,252.12
Petitioner received net income in 1947 of not less than $28,972.49. A part of the deficiency was due to fraud with intent to evade tax. Opinion RICE, Judge: Section 1112 of the Internal *96 Revenue Code of 1939 places upon the respondent the burden of proving that some part of the deficiency in issue is due to fraud with intent to evade tax. That proof must be clear and convincing. While the petitioner's failure to appear may, as a matter of practical effect, make respondent's burden easier to discharge, it in no way lessens the measure of proof required of him. Miller-Pocahontas Coal Co., 21 B.T.A. 1360 (1931). We think the respondent has met his burden herein. We, of course, granted respondent's motion to dismiss this proceeding as to the deficiency, because of petitioner's failure to prosecute. On the issue of fraud, however, respondent must show a deficiency; this he has done. He has shown that petitioner received additional unreported gross income of not less than $6,315.13. He added this to petitioner's reported income and disallowed $37,855.95 of the deduction of $58,108.07 claimed on the return. The result was that petitioner received taxable income of $28,972.49 rather than a net loss of $15,813.87. It is obvious, of course, that had the deductions, as claimed by petitioner on his return been allowed, no deficiency would have resulted since the *97 amount of additional unreported income would not have canceled out the net loss shown by petitioner on his return. Petitioner, by his failure to appear, offered no evidence to rebut the disallowances; and his conduct prior to the hearing is not conducive to our resolving doubts in his favor. Respondent's agent made repeated efforts to discuss petitioner's return with him and asked that some convenient time be arranged for an inspection of his books. Petitioner consistently failed to cooperate in any way. Having upheld the respondent's determination of the deficiency, we are satisfied that petitioner's failure to report the full amount of gross income received was due to fraud with intent to evade tax. We cannot suppose his failure to be due to any circumstance which mitigates against the conclusion of fraud. Petitioner's very livelihood was derived from his knowledge of the income tax laws. He taught courses in Federal Income Taxation. Surely if any taxpayer should be held to a strict observance of the requirements of keeping accurate records of income received and so reporting it and of claiming only bona fide deductions, it was he. The amount of gross income which he failed to *98 report was sizable, and we are convinced that his failure was purposeful and with intent to fraudulently reduce his income tax liability. Decision will be entered under Rule 50. Footnotes
*. Respondent originally determined that petitioner received checks in the amount of $11,780. He concedes on brief that this sum should now be $11,480.↩