DAVID C. SIMMONS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8537–77.     Filed March 4, 1980.

*Eugene O. Cobert,* for the petitioner.

*Joseph T. Chalhoub* and *Joel V. Williamson,* for the respondent.

## OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for judgment of default and dismissal and entry of decision. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

### OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* Respondent, in his notice of deficiency dated May 24, 1977, determined a deficiency in petitioner's Federal income tax for the taxable calendar year

---

[1]The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. A hearing was held at Washington, D.C., on Feb. 13, 1980, at which neither petitioner nor his counsel appeared.

1974 in the amount of $3,059,820.54 and an addition to the tax under section 6653(b)[2] in the amount of $1,529,910.27. Petitioner filed no Federal income tax return for 1974. While he maintained his legal residence at Parsons, W. Va., on August 8, 1977, the date the petition herein was filed, he was at that time incarcerated in the Federal Correctional Institution at Lexington, Ky. During 1974, his wife was a foreign national living abroad, and she was not subject to the filing of a U.S. Federal income tax return.

Petitioner was employed by the U.S. Defense Department from June 1973 until November 1974. His post of duty during that period was Saigon, Republic of South Vietnam, where he held the position of Chief, Petroleum Section, Defense Attache Office. He also held the position of Chief, Petroleum Quality Assurance Inspector. His duties included the purchase of petroleum products for the Republic of Vietnam Armed Forces. On September 15, 1975, petitioner entered a plea of guilty in the U.S. District Court for the Northern District of West Virginia.[3]

As noted hereinbefore, respondent issued a notice of deficiency to petitioner on May 24, 1977.[4] On August 8, 1977, a timely petition was filed contesting both the income tax deficiency and the addition to the tax under section 6653(b).[5] On October 11, 1977, respondent filed his answer which denied the allegations of error set forth in the petition and affirmatively pled facts to support his determination for the addition to the tax under section 6653(b). On October 25, 1977, a reply was filed which denied in substantial part the affirmative allegations of fraud set forth in respondent's answer.

---

[2]All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue, unless otherwise noted.

[3]This was petitioner's response in his reply to par. 7.T. of respondent's answer which reads as follows:

"On September 15, 1975 petitioner, in the United States District Court for the Northern District of West Virginia, pled quilty to a charge that he did knowingly and willfully conceal and cover up and cause to conceal and cover up by trick, scheme and device a material fact, that is to say, he did prepare and cause to be prepared Standard Form 1034, Public Voucher for Purchaser and Services Other than Personal, causing the payment of approximately $4,300,000.00 to Petroleum Management and Consultant Company and Wongs International Trading, Inc., Ltd. thereby concealing and covering up the fact that he, his spouse and business were to and did receive approximately $3,000,000.00 in violation of 17 U.S.C. sec. 1001."

[4]Therein, and in support of his income tax deficiency and fraud determinations, he asserts that petitioner in 1974 received $4,360,399.40, which was embezzled from the U.S. Government, which said income is taxable as ordinary income and which was not reported on a U.S. Federal income tax return.

[5]Petitioner has been represented from the inception of this case by counsel admitted to practice before the Court.

On January 7, 1980, respondent filed the motion herein under consideration. That motion, which was signed "no objection" by both petitioner and his counsel, reads in pertinent part:

4. Petitioner's counsel has advised respondent's counsel that while petitioner is unwilling to execute settlement documents fully conceding the deficiency in income tax and addition to tax under section 6653(b) in issue, petitioner no longer desires to contest the deficiency in income tax and addition to the tax under section 6653(b) determined in respondent's statutory notice dated May 24, 1977.

5. Petitioner's counsel has further advised respondent's counsel that petitioner does not desire to prosecute this case and therefore will not actively engage in stipulation of facts as required by T.C. Rule 91 or otherwise participate in the preparation of this case for trial and will not appear at the calendar call of this case in order to contest the deficiency in income tax and addition to tax under section 6653(b) determined by respondent in his statutory notice of deficiency.

6. Petitioner's counsel has likewise advised respondent's counsel that petitioner has no objection to the entry of a decision for respondent in the amounts determined as a deficiency in income tax and addition to tax under section 6653(b) in respondent's statutory notice dated May 24, 1977.

7. The Court's granting of the motion herein will conserve the Court's valuable time and resources and permit respondent to apply his personnel and resources to disputed cases.[6]

\* \* \* \* \* \* \*

N. JEROLD COHEN
*Chief Counsel*
*Internal Revenue Service*

NO OBJECTION:

(S) David C. Simmons
DAVID C. SIMMONS
*Petitioner*

By: (S) Clarence E. Barnes
CLARENCE E. BARNES
*District Counsel*
*P.O. Box 2427*
*Cincinnati, OH 45201*
*Tel. No. 513-684-3207*

(S) Eugene O. Cobert
EUGENE O. COBERT
*Counsel for Petitioner*
*60 East 42nd Street*
*New York, NY 10017*
*Tel. No. 212-682-7434*

---

[6]See *Gordon v. Commissioner*, 73 T.C. 736 (1980), where, on a factual situation not too different from that at bar, we stated: "We agree with respondent that it would be a pointless waste of the

The issue before us is whether we may enter a decision against petitioner for an addition to tax for fraud under section 6653(b)[7] on a motion for judgment of default and dismissal without requiring respondent to put on affirmative proof of fraud, when fraud has been denied in petitioner's reply but, subsequent thereto, petitioner and his counsel have unequivocally advised the Court, after the pleadings were closed and prior to the issuance of a notice of trial, that the income tax deficiency and the addition to the tax will not be contested. The issue here is somewhat different than that presented in *Gordon v. Commissioner*, 73 T.C. 736 (1980).

We recognize that section 7454(a) and Rule 142(b), Tax Court Rules of Practice and Procedure,[8] explicitly provide that in any case involving the issue of fraud with intent to evade tax, the burden of proof in respect of that issue is on the respondent, and that burden of proof is to be carried by clear and convincing evidence. *Miller v. Commissioner*, 51 T.C. 915, 918 (1969); *Gano v. Commissioner*, 19 B.T.A. 518, 533 (1930).

Pursuant to the authority invested in us by section 7453, the Rules of Practice and Procedure of this Court were substantially revised, adopted, and promulgated, effective January 1, 1974. Therein appeared for the first time Rule 123,[9] which is derived

---

Court's time and resources to require affirmative proof of fraud in a situation where it has been affirmatively indicated that the petitioner will no longer contest the addition to tax under section 6653(b)." There, we concluded that where the petitioner initially denies fraud in his reply but it is thereafter clearly and unequivocally stated to the Court that the addition to tax under sec. 6653(b) will not be contested (no appearance having been made at trial by either petitioner's counsel or his heirs), we can exercise our discretion pursuant to Rule 123(a) and enter a default decision including the fraud addition to tax without the necessity of requiring respondent to affirmatively prove fraud. A similar result was reached in *Estate of McGuinness v. Commissioner*, docket Nos. 5467–73, 1094–74, and 1096–74, by order dated June 6, 1979.

[7]Sec. 6653(b) provides, in relevant part:

"If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes * * * this amount shall be in lieu of any amount determined under subsection (a). * * * "

[8]All rule references are to the Tax Court Rules of Practice and Procedure as amended and in effect for the years in which all documents in this case were filed.

[9]Rule 123 has remained unaltered in content in the Sept. 2, 1975, printing of the Rules and the revision thereof, effective May 1, 1979.

from rule 55, Federal Rules of Civil Procedure. 60 T.C. 1069, 1129.[10] Rule 123 provides in part:

(a) Default: When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, he may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, * * *

\* \* \* \* \* \* \*

(d) Effect of Decision on Default or Dismissal: A decision rendered upon a default * * * other than a dismissal for lack of jurisdiction, shall operate as an adjudication on the merits.

While we have addressed in the past other procedures allowing respondent to sustain his imposition of the fraud addition to tax, short of putting on affirmative proof thereof at trial, those procedures are not applicable here.[11]

A review of the cases under rule 55, Federal Rules of Civil Procedure, discloses that most defaults are granted because a party has failed to plead. Here petitioner did plead and, therefore, default cannot be entered on that basis. We, too, are mindful that defaults do not appear to be favored under rule 55 of the Federal Rules of Civil Procedure merely because a party does not appear at trial. Here, however, after the pleadings were closed and prior to the issuance of a trial notice, petitioner and his counsel clearly advised the Court in writing—

(1) That while petitioner is unwilling to execute settlement documents fully conceding the income tax deficiency and addition to the tax, he no longer desires to contest those issues;

(2) That petitioner does not desire to prosecute this case; that he will not further proceed or participate in trial preparations and will not appear at trial to contest the income tax deficiency and addition to the tax; and

(3) That petitioner does not object to the entry of decision for respondent in the amounts determined as a deficiency in income tax and addition to tax under section 6653(b) in respondent's statutory notice of deficiency.

As we view this record, no controversy now remains in this

---

[10]See *Gordon v. Commissioner, supra,* for a discussion of the case law under Rule 55, which is helpful in defining the scope of Rule 123(a) and in determining in what situations default, insofar as it relates to a fraud addition to tax, should be granted.

[11]See *Gilday v. Commissioner,* 62 T.C. 260 (1974); *Morris v. Commissioner,* 30 T.C. 928 (1958); *Black v. Commissioner,* 19 T.C. 474 (1952).

case. Indeed, such statements can be deemed to constitute either a concession of all issues or a failure to otherwise proceed under Rule 123(a).

While we do not have the precise factual situation here as we had in *Gordon*, we think it is unnecessary to require respondent to waste his and the Court's time by proceeding further, in these circumstances, where petitioner has clearly and unequivocally advised the Court that he will not further prosecute his case. Moreover, in view of the Court's mounting caseload, we will exercise our discretion under Rule 123(a) and enter decision herein, including the fraud addition to tax, without requiring respondent to affirmatively put on proof of fraud. Respondent's motion will be granted.

> *An appropriate order and decision will be entered.*