COASTAL SHIPPING CO., INC., [1] Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Coastal Shipping Co. v. Commissioner
Docket No. 8197-78.
United States Tax Court
T.C. Memo 1981-382; 1981 Tax Ct. Memo LEXIS 357; 42 T.C.M. (CCH) 481; T.C.M. (RIA) 81382; July 28, 1981. Frank C. McClanahan, III, and Robert E. Langley, for the respondent. DAWSON
MEMORNADUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for entry of decision for the deficiencies in tax and for summary judgment on the fraud issue filed herein. [2] After a review of the record, we agree with and adopt his *358 opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion for entry of decision for the deficiencies in tax and for summary judgment on the fraud issue filed on March 31, 1980. Respondent, in his notice of deficiency issued to petitioner on April 10, 1978, determined the following deficiencies in, and additions to, petitioner's Federal income tax *359 for the fiscal years ended October 31, 1971, and October 31, 1972: Additions to Tax, 1954 Code
Fiscal Year Ended
Deficiency
Section 6653(b) [3]
October 31, 1971
$ 6,211.41
$ 3,105.71
October 31, 1972
54,875.92
27,437.96
The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency on April 10, 1978. On July 10, 1978, an imperfect petition was filed on petitioner's behalf by its president, Bobby Lee Burnette. Orders were issued to petitioner by the Court directing it to file a proper amended petition. See Rule 34. [4] No amended petition was filed. On November 15, 1978, an order was issued to petitioner giving it until December 21, 1978, in which to file an amended petition. In the event it did not do so, the order recited: [T]hat petitioner * * * show cause at 10:00 a.m., on January 10, 1979, * * * why this case should not be dismissed insofar as it relates to those *360 issues upon which petitioner has the burden of proof and why appropriate action should not be taken insofar as it relates to the issues under Section 6653(b) upon which respondent has the burden of proof. The hearing on the Court's show cause order was continued to February 7, 1979. No amended petition was filed and no appearance was made on behalf of petitioner at the hearing. An order bearing that date states, in part, as follows: [I]t is ORDERED that the Court's Order to show cause dated November 15, 1978, as amended by order dated December 19, 1978, is herewith made absolute and this case is herewith dismissed for lack of prosecution insofar as it pertains to the income tax deficiencies for the taxable years ended October 31, 1971 and October 31, 1972. Decision will later be entered for said income tax deficiencies after the Court has made its determination with respect to the additions to the tax under Section 6653(b) for the taxable years ended October 31, 1971 and October 31, 1972. It is further ORDERED that counsel for respondent shall have to and including April 8, 1979, in which to file an Answer to the imperfect petition filed herein setting forth fully his *361 factual allegations with respect to the additions to the tax under Section 6653(b) for the taxable years ended October 31, 1971 and 1972, the burden of proof for which is upon respondent within the purview of Section 7454 of the aforesaid Code and Rule 142(b), Tax Court Rules of Practice and Procedure. It is further ORDERED that, if this case is hereafter calendared for trial, the trial will be limited solely to the presentation of evidence with respect to the aforesaid additions to the tax, the burden of proof for which is upon respondent. On April 6, 1979, respondent filed his answer wherein, inter alia, he made affirmative allegations of fact in support of his determined deficiencies in income tax and additions to the tax under section 6653(b). No reply was filed and respondent, on June 26, 1979, filed a motion for entry of order that undenied allegations in answer be deemed admitted. [5] A copy of that motion together with a copy of the Court's notice were served on petitioner by the Court on June 28, 1979. The notice, which calendared respondent's motion for hearing on August 1, 1979, gave petitioner until July 12, 1979, in which to file a reply. Thereafter, the hearing *362 was continued to September 5, 1979, and petitioner was given to August 20, 1979, in which to file a reply. No appearance was made for petitioner at the hearing, no reply was filed nor was a response to respondent's motion. The Court granted respondent's motion by order dated September 5, 1979, and deemed admitted the undenied affirmative allegations of fact contained in paragraphs 3(a) to (o), inclusive, of respondent's answer. The following findings of fact are based upon the record as a whole and the undenied factual allegations contained in respondent's answer deemed to be admitted pursuant to the Court's order dated September 5, 1979. FINDINGS OF FACT Petitioner's address on the date its petition was filed was 1716 Hillcrest Drive, Wilson, North Carolina. It filed corporate income tax returns for the fiscal years ended October 31, 1971, and October 31, 1972, with the Internal Revenue Service. During each of the years in issue Bobby Lee Burnette (Burenette) was the president and sole shareholder of petitioner. During the fiscal taxable year ended October 31, 1971, Burnette caused petitioner to claim a deduction for expenses in the amount of *363 $ 12,089.36 of which amount $ 900.00 was, in fact, a loan repayment made to Burnette and $ 3,916.00 represented the payment of personal expenses of Burnette. He caused petitioner to charge to purchases the acquisition of certain stock in the corporation which acquisition cost, in the amount of $ 1,000.00, should have been charged to treasury stock. During the fiscal taxable year ended October 31, 1972, Burnette caused petitioner to list certain sales of petitioner, in the amount of $ 26,573.82, as loan repayments to Burnette in order to conceal such sales. He caused petitioner to acquire a cashier's check, in the amount of $ 7,106.90, and to charge such amount to purchases in order to conceal the sales generating such amount. Petitioner purchased a bond in the amount of $ 1,000.00 from Gethsemene Freewill Baptist Church and claimed a charitable contribution of $ 1,000.00 for the purchase of such bond on its incomes tax return, although petitioner still holds the bond, redeemable at face. Additionally, Burnette caused petitioner to purchase $ 14,731.20 worth of cigarettes and to transfer such cigarettes to another corporation owned by Burnette, but held in the nominee names of *364 two associates of Burnette. Since this expenditure was actually a loan, it was fraudulently charged to purchases in order to conceal the sales of petitioner generating such amount, and in order to conceal the sales of the corporation Burnette operated through nominees. In the respective fiscal taxable years ended October 31, 1971 and 1972, Burnette caused petitioner to omit gross receipts in the respective amounts of $ 4,241.71 and $ 45,409.45 from its income tax returns filed for such years. During the taxable years 1971 and 1972 petitioner's president, Burnette, diverted checks of petitioner totalling $ 11,542.81 and $ 38,167.15, respectively, to his personal use in order to conceal the sales of petitioner generating such amounts. Also during those years Burnette deposited checks payable to petitioner totalling $ 4,364.90 and $ 22,264.40, respectively, to his own personal account in order to divert such checks from petitioner and to conceal the sales of petitioner generating such amounts. Further, during these years Burnette caused petitioner to pay his personal expenses in the respective amounts of $ 3,782.74 and $ 14,978.21 and to charge such amounts to travel and entertainment. *365 Neither Burnette nor petitioner maintained any accounting or other method of substantiating any such alleged expenses as required by section 274.
Due to the above amounts, as well as certain other amounts, petitioner understated its taxable income for the fiscal taxable years 1971 and 1972 on its returns filed for such years in the respective amounts of $ 12,940.45 and $ 115,384.40. On November 15, 1976, petitioner's president, Burnette, pled nolo contendere to two counts of evading his personal income taxes for the taxable years 1971 and 1972 and to one count of evading the corporate income taxes of petitioner for its fiscal year ended October 31, 1972, all in violation of section 7201. [6] Burnette and petitioner were found guilty by District Judge John Larkins on all counts and were fined and placed on probation. *366 ULTIMATE FINDINGS OF FACT Petitioner, through its president, Burnette, fraudulently and with intent to evade taxes, understated its taxable income for the fiscal taxable years ended October 31, 1971 and 1972, on its returns filed for such years in the respective amounts of $ 12,940.45 and $ 115,384.40. All or part of the underpayment of tax required to be reported on petitioner's income tax returns for its foregoing fiscal years is due to fraud. OPINION At the outset we feel constrained to comment briefly on petitioner's failure to file either a proper amended petition or a reply. Our recital of the procedural developments in this case demonstrates to our satisfaction that petitioner was given more than an ample opportunity to file both of those pleadings. In not doing so, through its president, it has ignored the notices and orders of this Court and has exhibited through such conduct complete and utter disrespect for the rules of this Court. Respondent's motion is two-pronged. First, it seeks entry of decision for the income tax deficiencies. Next, it moves for summary judgment on the fraud issue. [7] As to the former, respondent's motion will be granted and decision *367 entered pursuant to the Court's order dated February 7, 1979. Respondent likens this case to Simmons v. Commissioner, 73 T.C. 1009 (1980), and Gordon v. Commissioner, 73 T.C. 736 (1980). While we agree that there are similarities, we think this case is closer to the factual situation found in Gilday v. Commissioner, 62 T.C. 260 (1974). The burden of proof with respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that some part of the underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Imburgia v. Commissioner, 22 T.C. 1002 (1954). That burden can be satisfied by respondent through allegations made by petitioner in his petition which are admitted by respondent in his answer and through those undenied facts admitted under Rule 37(c). Marcus v. Commissioner, 70 T.C. 562 (1978); Gilday v. Commissioner, supra; *368 Morris v. Commissioner, 30 T.C. 928 (1958); Black v. Commissioner, 19 T.C. 474 (1952). Here material allegations in the answer with respect to fraud have been deemed to be admitted by petitioner in the Court's order of September 5, 1979. In our view the findings of fact clearly and convincingly establish fraud with intent to evade tax, which is reflected in our Ultimate Findings of Fact. There being no genuine issue of material fact, respondent is entitled to prevail on the fraud issue presented for summary judgment. See Rule 121. Accordingly, his motion in that respect will be granted and decision will be entered against petitioner for the additions to the tax under section 6653(b). An appropriate order and decision will be entered. Footnotes
1. See companion case filed this date, Burnette v. Commissioner↩, T.C. Memo. 1981-381.
2. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on April 30, 1980. No appearance was made on behalf of petitioner, nor was a response to respondent's motion filed, albeit a copy thereof together with a copy of the Court's order calendaring respondent's motion for hearing were served on petitioner by the Court on April 11, 1980.
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. All rule references herein are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
5. See Rule 37.↩
6. Sec. 7201. ATTEMPT TO EVADE OR DEFEAT TAX. Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $ 10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.↩
7. We observe that respondent's counsel has represented to the Court that he was advised by petitioner that the latter did not intend to contest the fraud issue now before the Court.↩