JEFFREY C. PETERSEN AND DEBORAH A. PETERSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Petersen v. Commissioner
Docket No. 14184-80.
United States Tax Court
T.C. Memo 1981-386; 1981 Tax Ct. Memo LEXIS 361; 42 T.C.M. (CCH) 494; T.C.M. (RIA) 81386; July 28, 1981. Joseph T. Chalhoub, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on the Court's order to show cause dated October 8, 1980, as extended, and respondent's oral motion [1] for default judgment under Rule 123(a), Tax Court Rules of Practice and Procedure, [2] as to the addition to the tax under section 6653(b). [3] After a review of the record, we agree with and adopt his opinion which is set forth below. [4]
*362 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on the Court's order to show cause dated October 8, 1980, as extended, and respondent's oral motion for default judgment as to the addition to the tax under section 6653(b). Petitioners resided at 2030 State Street, Quincy, Illinois, on the date they filed their petition. They filed a joint 1976 Federal income tax return with the Internal Revenue Service. Respondent, in his notice of deficiency issued to petitioners on April 7, 1980, determined the following deficiency in, and addition to, petitioners' 1976 Federal income tax: [5]
Addition to Tax
Liability of Deborah Petersen
Deficiency
Sec.6653(b)
Limited to the Deficiency
$ 727.86
$ 363.93
$ 727.86
On June 30, 1980, petitioners filed an imperfect petition. On July 23, 1980, the Court served upon them an "Order for Proper Petition and Filing Fee," which provided therein, in part: It is further ORDERED *363 that if an amended petition and the filing fee are not received on or before September 23, 1980 the case will be dismissed and a decision in the amount of the deficiency determined by the respondent will be entered against the petitioner, or other action taken as the Court deems appropriate. When petitioners did not comply with the foregoing order, the Court, on October 8, 1980, issued another order in which it extended petitioners' time in which to file an amended petition to November 11, 1980. In the event petitioners did not comply, that order further directed that they show cause at Washington, D.C., on November 19, 1980: [W]hy this case should not be dismissed insofar as it relates to those issues upon which petitioners have the burden of proof and why appropriate action should not be taken insofar as it relates to the issues under Section 6653(b) Internal Revenue Code of 1954 upon which respondent has the burden of proof. The October 8 order was returned to the Court in early November with a notation on the envelope "unclaimed". On November 21, 1980, we served another order on petitioners by both certified and regular mail. Those mailings, which *364 also included a copy of our October 8 order, were received by petitioners. The order served on November 21 extended the time for filing the amended petition to December 12, 1980, and continued the show cause hearing to December 17, 1980. Petitioners did not appear at the hearing, no amended petition had been filed, nor was a response to our show cause order received. At the December 17 hearing the Court received respondent's exhibits A, B, and C. Exhibit A (Form 870) is a copy of a document entitled "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment," duly signed by each petitioner on July 7, 1980, one week after their petition was filed herein. The original of that exhibit, which was received by the Internal Revenue Service on July 8, 1980, provides, in part: I consent to the immediate assessment and collection of any deficiencies (increase in tax and penalties) and accept any overassessment (decrease in tax and penalties) shown below, plus any interest provided by law. I understand that by signing this waiver, I will not be able to contest these years in the United States Tax Court, unless additional deficiencies are *365 determined for those years. [6]
Liability of
Deborah Petersen
Amount
Addition to Tax
Limited to the
Taxable Year Ended
of Tax
Sec. 6653(b)
Deficiency
December 31, 1976
$ 727.86
$ 363.93
$ 727.86
The tax and addition to the tax were assessed on August 18, 1980, and recorded as paid in full on the Commissioner's records in December 1980 (exhibits B and C). The issue before us is whether we may enter a decision against petitioner-husband for an addition to tax for fraud under section 6653(b)[7] on a motion for default judgment without requiring respondent to put on affirmative proof of fraud when petitioners have failed to plead or otherwise proceed pursuant to the Court's Rules of Practice and Procedure and its explicit orders and, where prior to the pleadings being closed, petitioners notified the Internal Revenue Service that the income tax deficiency and the addition to the tax will not be contested. *366 Rule 123 provides in part: (a) Default: When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, he may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper. * * * (d) Effect of Decision on Default or Dismissal: A decision rendered upon a default * * *, other than a dismissal for lack of jurisdiction, shall operate as an adjudication on the merits. Here an imperfect petition was filed and petitioners have totally ignored the Court's orders directing them to file an amended petition. [8] One week after their imperfect petition was filed they notified the Internal Revenue Service, in effect, that they would not contest the income tax deficiency or the addition to the tax determined for 1976. [9] Thereafter, the tax and addition to tax were assessed and paid, apparently sometime in December 1980. *367 As we view this record, no controversy now remains in this case. Indeed, petitioners' conduct can be deemed to constitute either a concession of all issues or a failure to otherwise proceed under Rule 123(a). A concession is a concession regardless of at what point in a proceeding it is made. While we do not have the precise factual situation here as we had in Simmons v. Commissioner, 73 T.C. 1009 (1980), or Gordon v. Commissioner, 73 T.C. 736 (1980), we adopt their reasoning and think, in these circumstances too, that it is unnecessary and a pointless waste of time and resources to require respondent to waste his and the Court's time by further proceeding where petitioners, by their conduct, have clearly indicated that they have absolutely no intention of further proceeding with their case in this Court. Therefore, we will exercise our discretion under Rule 123(a) and enter decision in the case, which will include the fraud addition to the tax, without requiring respondent to affirmatively put on proof of fraud. [10] Accordingly, the Court's order to show cause will be made absolute and respondent's oral motion will be granted. *368 An appropriate order and decision will be entered. Footnotes
1. While respondent's motion, made at the hearing ostensibly seeks a default judgment as to both the income tax deficiency and the addition to the tax, we have treated it as a motion for default judgment only as to the addition to the tax in view of the Court's order, which is discussed later herein. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
4. Since preliminary pretrial matters are under consideration herein, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
5. Respondent's determinations are based upon unreported income received by petitioners during 1976 from the National Church Decorating Company of Indiana, Inc., in the amount of $ 4,366.39.↩
6. No additional deficiencies have been determined for 1976.↩
7. Sec. 6653(b) provides, in relevant part: If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes * * *, this amount shall be in lieu of any amount determined under subsection (a).↩
8. Any issue, including the addition to tax for fraud under sec. 6653(b)↩, not raised in the assignment of errors in the petition is deemed conceded by petitioners. Rule 34(b)(4). 9. We are mindful of the provisions of sec. 6213(b)(4), 1954 Code, but find them inapplicable to these proceedings where the record reflects a concession of all issues or a failure to otherwise proceed under Rule 123(a)↩.
10. See and compare Freedson v. Commissioner, 67 T.C. 931 (1977), affd. 565 F.2d 954↩ (5th Cir. 1978).