BOBBY LEE BURNETTE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burnette v. Commissioner
Docket No. 8439-78.
United States Tax Court
T.C. Memo 1981-381; 1981 Tax Ct. Memo LEXIS 356; 42 T.C.M. (CCH) 478; T.C.M. (RIA) 81381; July 28, 1981. Frank C. McClanahan, III, and Robert E. Langley, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for entry of decision for the deficiencies in tax and for summary judgment on the fraud issue filed herein. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. *357 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion for entry of decision for the deficiencies in tax and for summary judgment on the fraud issue filed on March 31, 1980. Respondent, in his notice of deficiency issued to petitioner and Shirley O. Burnette on April 10, 1978, determined the following deficiencies in, and additions to, their 1971 and 1972 Federal income tax: Additions to Tax, 1954 Code
Year
Deficiency
Section 6653(b) [2]
1971
$ 11,101.91
$ 5,550.96
1971
67,363.58
33,681.79
*358 The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency. On July 11, 1978, an imperfect petition was filed. Numerous orders were issued directing petitioner to file an amended petition. See Rule 34. [3] No amended petition was filed. On June 5, 1979, the Court issued an order which recites, in relevant part, as follows: It is further ORDERED that the Court's Order of November 15, 1978, as it pertains to petitioner Bobby Lee Burnette is made absolute as to the deficiencies asserted as to him for the taxable years 1971 and 1972 in the amounts of $ 11,101.91 and $ 67,363.58, respectively and said amounts will be determined to be owing from said petitioner in any decision hereafter entered by this Court in this case. This case as to petitioner Bobby Lee Burnette remains before the Court as to the additions to tax asserted by respondent pursuant to section 6653(b), Int. Rev. Code of 1954, as amended. It is further ORDER that respondent file with the Court * * * an answer to original *359 petition filed as to petitioner Bobby Lee Burnette, setting forth therein the allegations in support of the asserted additions to tax pursuant to section 6653(b) * * *. On July 2, 1979, respondent filed his answer wherein, inter alia, he made affirmative allegations of fact in support of his determined deficiencies in income tax and additions to the tax under section 6653(b). No reply was filed and respondent, on September 10, 1979, filed a motion for entry of order that undenied allegations in answer be deemed admitted. He served a copy of his motion on petitioner on September 6, 1979. The Court thereafter issued an order giving petitioner until October 18, 1979, in which to file a reply and it set respondent's motion for hearing at Washington, D.C., on October 31, 1979. Petitioner did not appear, no reply was filed nor was a response to respondent's motion. The Court granted respondent's motion by order dated October 31, 1979, and deemed admitted the undenied affirmative allegations of fact contained in paragraphs 8(a) to (m), inclusive, of respondent's answer. This case was then calendared for trial at the Court's trial session commencing at Winston-Salem, North Carolina, *360 on February 25, 1980. Petitioner did not appear. Subsequent to the calendar call the Court conducted a telephone conference call with petitioner and respondent's counsel. As best we can determine from the record, petitioner told the Court he did not intend to contest the merits of his case, however, he had a collateral problem with the taxing authorities of the state of North Carolina and desired to have the hearing continued for a 60-day period. An order was issued on February 25, 1980, continuing the case for settlement purposes to Washington, D.C., on April 30, 1980. No settlement document was forthcoming, and respondent filed the motion herein under consideration on March 31, 1980. As indicated hereinabove, no appearance was made by or on behalf of petitioner at the hearing on respondent's pending motion on April 30, 1980 (see footnote 1, supra), and no response to that motion was filed. At the conclusion of the hearing, the Court took respondent's motion under advisement. The following findings of fact are based upon the record as a whole and the undenied factual allegations contained in respondent's answer deemed to be admitted pursuant to the Court's order dated *361 October 31, 1979. FINDINGS OF FACT Petitioner resided at 1716 Hillcrest Drive, Wilson, North Carolina, on the date he filed his petition herein. He and Shirley O. Burnette filed joint Federal income tax returns for 1971 and 1972 with the Internal Revenue Service. During 1971 petitioner caused 25 checks payable to Coastal Shipping Company, Inc. (Coastal) in the amount of $ 11,542.81 to be diverted to his personal use. He caused Shirley O. Burnette to receive a bank draft from Coastal in the amount of $ 500,00, and he caused two corporate checks of Coastal totalling $ 1,316.00 to be issued in payment of personal expenditures for petitioner and Shirley O. Burnette. In addition, he made one deposit of $ 4,364.90 to his personal checking account, which deposit represented unreported income of Coastal which was directed to petitioner's personal use. None of the foregoing amounts were reported on the 1971 joint return. During 1972 petitioner caused 12 checks payable to Coastal in the amount of $ 38,167.15 to be diverted to his personal use. He caused two corporate checks of Coastal totalling $ 378.26 to be issued in payment of personal expenses, and he made five deposits aggregating *362 $ 22,264.40 to his personal checking account. Those deposits represented unreported income of Coastal, which was diverted to petitioner's personal use. Also in 1972 petitioner failed to include in income the net profit of Wilson Wholesale Company (Wilson) which was held in the nominee names of two associates of petitioner but was in fact owned and controlled by petitioner. Said company was organized by petitioner for the purpose of concealing the sales and income of Coastal. The net profit of Wilson for the taxable year 1972 was $ 53,493.53. Petitioner also received $ 800.00 for the sale of a corporate truck which he retained, and used a corporate automobile 100 percent for personal use, the fair rental value of which was $ 2,000.00. None of the foregoing amounts were reported on the 1972 joint return. On November 15, 1976, petitione pled nolo contendere to two counts of evading his personal income taxes for the taxable years 1971 and 1972 in violation of section 7201. [4] He was found guilty by District Judge John Larkins on each of these counts and was fined and placed on probation. *363 Petitioner understated his taxable income on his joint income tax returns for 1971 and 1972 in the respective amounts of $ 17,623.71 and $ 117,023.34. ULTIMATE FINDINGS OF FACT Petitioner fraudulently and with the intent to evade tax omitted from his joint 1971 and 1972 income tax returns income in the amounts of $ 17,623.71 and $ 117,023.34, respectively. A part of the underpayment of tax required to be shown on the 1971 and 1972 returns is due to fraud. Petitioner fraudulently and with the intent to evade tax understated his income tax liabilities on his joint income tax returns for 1971 and 1972 in the amounts of $ 11,101.91 and $ 67,363.58, respectively. OPINION At the outset, we feel constrained to comment briefly on petitioner's failure to file either a proper amended petition or a reply. Our recital of the procedural developments in this case demonstrates to our satisfaction that petitioner was given more than an ample opportunity to file both of those pleadings. In not doing so he has ignored the notices and orders issued to him and, by his conduct, shown complete and utter disrespect for the rules of this Court. Respondent's motion moves in a two-fold manner. *364 First, it seeks entry of decision for the income tax deficiencies. Second, it moves for summary judgment on the fraud issue. As to the former, respondent's motion will be granted and decision entered pursuant to the Court's order dated June 5, 1979. Respondent likens this case to Simmons v. Commissioner, 73 T.C. 1009 (1980), and Gordon v. Commissioner, 73 T.C. 736 (1980). While we agree that there are similarities, we think this case is closer to the factual situation found in Gilday v. Commissioner, 62 T.C. 260 (1974). The burden of proof with respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that some part of the underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Imburgia v. Commissioner, 22 T.C. 1002 (1954). That burden can be satisfied by respondent through allegations made by petitioner in his petition which are admitted by respondent in his answer and through those undenied facts admitted under Rule 37(c). Marcus v. Commissioner, 70 T.C. 562 (1978); Gilday v. Commissioner, supra; *365 Morris v. Commissioner, 30 T.C. 928 (1958); Black v. Commissioner, 19 T.C. 474 (1952). Here material allegations in the answer with respect to fraud have been deemed to be admitted by petitioner in the Court's order of October 31, 1979. In our view, the findings of fact clearly and convincingly establish fraud with intent to evade tax, which is reflected in our Ultimate Findings of Fact. There being no genuine issue of material fact, respondent is entitled to prevail on the fraud issue presented for summary judgment. See Rule 121. Accordingly, his motion in that respect will be granted and decision will be entered against petitioner for the additions to the tax under section 6653(b). An appropriate order and decision will be entered. Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on April 30, 1980. No appearance was made by or on behalf of petitioner nor was a response to respondent's motion filed, albeit a copy thereof together with a copy of the Court's order calendaring respondent's motion for hearing were served on petitioner by the Court on April 11, 1980.
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Since no part of the underpayment of tax was due to fraud on the part of Shirley O. Burnette, the additions to the tax were not determined against her. Shirley O. Burnette was an original party to this case. However, she was severed as a party-petitioner by Court order dated September 27, 1979, and assigned docket no. 14042-79, after having reached an agreed settlement with respondent. Therefore, we will restrict our consideration herein to only those matters pertaining to petitioner which are necessary for disposition of this case.↩
3. All rule references herein are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
4. Sec. 7201. ATTEMPT TO EVADE OR DEFEAT TAX. Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $ 10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.↩