MILLER-POCAHONTAS COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18943. Promulgated January 26. 1931.

*C. H. Curl, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The Commissioner notified the petitioner of a determination in respect of its income taxes for 1918 to 1924, inclusive. As to 1918, 1919, 1921, 1922, and 1924, no deficiency or other liability was found; as to 1923, a deficiency was found of $123.77, which petitioner has not contested; and as to 1920, the Commissioner found a deficiency of $51,740.11 after applying section 328, Revenue Act of 1918, and a penalty of $25,870.06 under section 250 (b), Revenue Act of 1918. The taxpayer filed a petition attacking both the deficiency and the penalty, and the Commissioner answered de-

nying all the facts. Before the proceeding came on for trial, the Commissioner made a jeopardy assessment and advised the Board in accordance with section 273 (c), Revenue Act of 1928. The Board was also advised before trial by counsel for petitioner that he had withdrawn, that his information was that a receiver had been appointed and discharged, and that petitioner was in bankruptcy. When the case came on for trial no one appeared for petitioner. Counsel for respondent moved to dismiss for nonprosecution and for judgment in the amount of the deficiency and the penalty. He offered no proof of fraud to sustain the 50 per cent penalty and contends that he is entitled to judgment for the penalty nevertheless.

The revenue acts contain clear recognition of a distinction between a deficiency in tax and a penalty. Revenue Act of 1926, secs. 273, 275, 276 (b), 279 (a) (c); Revenue Act of 1928, secs. 271, 272 (e), 273 (a) (c), 293.

Section 906 (c) of the 1924 Act as amended by section 601 of the 1928 Act provides that a dismissal shall require an affirmance of the deficiency only. Section 907 (a) as so amended provides that in respect of the issue whether the petitioner has been guilty of fraud with intent to evade tax, i. e., whether the 50 per cent penalty has been properly determined, the burden of proof is on the Commissioner. Thus, it is plain that the express result of a dismissal is confined to the deficiency and is not extended as in other sections to penalties or other additional amounts, and also that, consistently with such restriction, the burden of proof as to fraud to sustain the penalty is on the respondent. The burden of proof is the prospect of failure in the absence or insufficiency of evidence. Congress, knowing that the presumption is generally with the Commissioner, took it from him when he determined a fraud penalty, and announced that, in any proceeding before the Board, the taxpayer should be regarded as free from such fraud until respondent had supported his determination by sufficient evidence.

Respondent argues that petitioner's failure to appear puts him in the same position as if no petition had been filed, and that, in the latter event, he would be entitled to collect the penalty as well as the deficiency. The answer is that the situation is changed by the filing of a petition with the Board. The effect of a dismissal is not merely, as in the courts of some jurisdictions, to withdraw the controversy from the Board, with power to renew it by a new proceeding. It is a disposition of the controversy by decision, and, like another decision, operates, not retrospectively as if to strike out the petition, but with present and prospective force. The time while the proceeding is pending is given recognition for purposes of restraining the Commissioner from collecting or the taxpayer from

# 1362

suing, extending the statutory period of limitation, and accruing interest, irrespective of whether the Board's decision comes by way of dismissal or on the merits. As soon as the petition is filed and the Board has jurisdiction, the disposition of the issues must be made by the Board in accordance with the prescribed rules of procedure and of evidence; and we see no reason to suppose that the Commissioner was intended to be entirely relieved of his burden of proof as to fraud when the taxpayer fails to appear. It may be that the lack of opposition lightens the burden as a practical matter; but respondent is entitled to no more.

*Judgment will be entered for a deficiency of $51,740.11 for 1920 and $123.77 for 1923.*