LOUIS J. GORDON, DECEASED, AND MYRTLE GORDON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2225–73.    Filed January 30, 1980.

*Joseph M. Solon,* for the petitioners.
*William L. Ringuette,* for the respondent.

OPINION

DAWSON, *Judge:* Respondent determined the following deficiencies in petitioners' Federal income taxes:

| Year | Deficiency | Year | Deficiency |
|------|-----------|------|-----------|
| 1967 ...... | $19,219.16 | 1969 ...... | $24,134.00 |
| 1968 ...... | 22,425.54 | 1970 ...... | 29,945.00 |

Respondent also determined the following additions to tax under section 6653(b)[1] against petitioner Louis J. Gordon (now deceased):

| Year | Addition to tax section 6653(b) | Year | Addition to tax section 6653(b) |
|------|-------------------------------|------|-------------------------------|
| 1967 ...... | $11,429.84 | 1969 ...... | $12,067.00 |
| 1968 ...... | 13,113.00 | 1970 ...... | 14,973.00 |

The issue confronting us is whether we may enter a decision against the deceased petitioner for additions to tax for fraud under section 6653(b)[2] on a motion for default or dismissal for lack of prosecution without requiring respondent to affirmatively prove fraud, when fraud has been denied in petitioner's reply but thereafter his counsel and heirs have clearly indicated to the Court that both the deficiencies and additions to tax will not be contested and there is no appearance on behalf of the petitioner at the trial.

Petitioners, husband and wife, filed a timely petition assigning as error the deficiencies and additions to tax. Respondent timely filed an answer affirmatively alleging that petitioner Louis J. Gordon had filed with fraudulent intent his joint Federal income tax returns for the years 1967 through 1970, and that part of the underpayment of tax for those years was due to fraud. Petitioners thereafter filed a timely reply denying the affirmative allegations of fraud in respondent's answer.

Shortly before the scheduled trial date, this Court received and filed a "Notice of Death and Entry of Appearance" which reads as follows:

The petitioner, Louis J. Gordon, died on April 4, 1976. At his death Louis J.

---

[1] All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue, unless otherwise noted.

[2] Sec. 6653(b) provides:

If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse.

Gordon was totally insolvent so that no probate estate was ever or will ever be opened as there are no assets to administer. Consequently, no executors or administrators have ever been appointed or will ever be appointed.

Louis J. Gordon's heirs, according to the Illinois law of descent, are as follows:

a] Myrtle Gordon, wife * * *

b] James Gordon, son * * *

c] Judith Miller, daughter * * *

That by this document, I, the undersigned, duly admitted to practice before the United States Tax Court, hereby enter the appearances of Myrtle Gordon, James Gordon and Judith Miller, being the heirs of the deceased, Louis J. Gordon, in the above entitled cases.

The heirs of the said Louis J. Gordon will not contest any deficiencies or penalties in Doc. No. 2225–73 nor will they contest any deficiencies in Doc. No. 106–76, insofar as said deficiencies and penalties are related to the late Louis J. Gordon, for the reason that the said Louis J. Gordon died insolvent and without any assets, so there is no purpose in expending money to litigate a useless and moot case, and therefore the heirs have no objection to dismissing the matters insofar as they relate to Louis J. Gordon under the provisions of Rule 123 of the Tax Court Rules of Practice.

> (S) Joseph M. Solon
> JOSEPH M. SOLON
> 208 South La Salle Street
> Chicago, IL 60604
> (312) 372 4444

APPROVED:
(S) Myrtle Gordon
(S) James R. Gordon
(S) Judith Miller
 Being all the heirs of
 Louis J. Gordon, deceased.

When the case was called for trial neither the petitioner's counsel nor his heirs appeared.[3] At that time the respondent filed a motion for judgment of default and for entry of decision or, in the alternative, entry of an order of dismissal for lack of prosecution and decision. In his motion, the respondent requested that we include in our decision the additions to tax under section 6653(b) against petitioner Louis J. Gordon even though respondent did not offer affirmative proof of fraud.

Section 7454(a) of the Code and Rule 142(b), Tax Court Rules of Practice and Procedure,[4] provide that in any case involving

---

[3] A stipulation of settlement for petitioner Myrtle Gordon was filed by respondent with the Court on the date of the trial.

[4] All rule references are to the Tax Court Rules of Practice and Procedure, as amended and in effect for the years in which the documents were filed.

the issue of fraud with intent to evade tax, the burden of proof in respect of that issue is on the respondent, and such burden of proof must be carried by clear and convincing evidence. See *Miller v. Commissioner*, 51 T.C. 915, 918 (1969); *Gano v. Commissioner*, 19 B.T.A. 518, 533 (1930). Respondent usually determines the addition to tax under section 6653(b) in the notice of deficiency he sends to the taxpayer. If the taxpayer wishes to contest such addition to tax, he must make, pursuant to Rule 34(b)(4):

Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. * * *

Any issue, including addition to tax for fraud under section 6653(b), not raised in the assignment of errors is deemed conceded by the petitioner. Rule 34(b)(4). If petitioner assigns error to respondent's determination of the fraud addition to tax, then the respondent must affirmatively plead the fraud, together with the facts in support thereof, in his answer. Rule 36(b). If the respondent does not address petitioner's assignment of error as to the fraud addition to tax in his answer, then the issue will be deemed conceded by the respondent. Rules 36(c) and 39.

Once the respondent has affirmatively pleaded fraud in his answer, the petitioner must file a reply with the Court specifically denying or admitting the fraud allegations and the facts in support thereof. Rule 37(b). If the petitioner files a reply but does not expressly admit or deny the affirmative allegations of fraud, then the allegations will be deemed admitted. Rule 37(c). If no reply is filed, the allegations will be deemed denied unless the respondent, within 45 days after expiration of the time for filing the reply, files a motion for an order that the fraud allegations and the facts in support thereof in the answer be deemed admitted. Rule 37(c).

If the fraud allegations are deemed admitted either by operation of Rule 37(c) or by motion under Rule 37(c), the respondent may move for judgment on the fraud issue on the basis of the facts deemed admitted pursuant to Rule 120 (Judgment on the Pleadings), Rule 121 (Summary Judgment), or Rule 122 (Submission Without Trial). Generally, the facts deemed admitted constitute sufficient proof of fraud without the necessity of affirmative proof by respondent. See *Gilday v.*

*Commissioner,* 62 T.C. 260, 262 (1974); *Morris v. Commissioner,* 30 T.C. 928, 929 (1958); *Black v. Commissioner,* 19 T.C. 474 (1952).

In the present case, we are confronted with a situation in which the petitioner initially filed a reply denying the affirmative allegations of fraud in the answer but subsequently informed the Court, through his counsel and heirs, that the deficiencies and the additions to tax as they relate to petitioner Louis J. Gordon would not be contested. As indicated earlier, Louis J. Gordon died prior to the date of trial. No executors or administrators having been appointed, petitioner's counsel and heirs filed a statement with the Court that they would no longer contest any deficiencies or additions to tax insofar as they related to the petitioner because his estate is insolvent. Moreover, they indicated their willingness to have the case dismissed under Rule 123(b). Neither the petitioner's heirs nor his counsel appeared at the trial. Respondent then moved, alternatively, for a judgment of default and entry of decision or an order of dismissal for lack of prosecution and decision. Respondent has requested that we include in the decision under Rule 123(a) or (b) the fraud additions to tax without affirmative proof by him since, in his view, "it would be a pointless waste of time and resources for the Court to require respondent to offer affirmative proof of fraud prior to entering a default decision for the addition to tax under section 6653(b)."

In view of these particular circumstances, we agree with respondent that a default decision including the additions to tax under section 6653(b), may be entered without requiring respondent to affirmatively prove fraud. Rule 123(a) provides that:

When any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, he may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. The Court may, in its discretion, conduct hearings to ascertain whether a default has been committed, to determine the decision to be entered or the sanctions to be imposed, or to ascertain the truth of any matter.

Thus, this Court has the discretion to enter a default decision in situations where a petitioner (or respondent) fails to plead or otherwise proceed. Rule 123(a) was adopted by the Court, effective January 1, 1974, and is derived from rule 55, Federal

Rules of Civil Procedure. 60 T.C. 1069, 1129. Although the mechanics for obtaining a default judgment under rule 55, Federal Rules of Civil Procedure and Rule 123(a) are dissimiliar,[5] the case law under the Federal Civil Procedure rule is helpful in defining the scope of Rule 123(a) and in determining in what situations default, specifically as it relates to a fraud addition to tax, should be granted.

A review of the case law under rule 55, Federal Rules Civil Procedure, clearly shows that most defaults are granted when a party fails to plead.[6] In this case, the petitioner did plead and, accordingly, default cannot be entered on that basis. See *Gilday v. Commissioner*, 62 T.C. 260, 262 (1974).

On the other hand, defaults do not appear to be favored under rule 55, Federal Rules of Civil Procedure, if a party merely does not appear at trial.[7] However, in the instant case, we do not have a mere failure to appear at the trial. Rather, petitioner's counsel and heirs have clearly and unequivocally stated in writing to the Court that they will not contest the deficiencies or additions to tax under section 6653(b) as they relate to the deceased petitioner. In our view, such a statement can be characterized as either a concession of all issues or a failure to otherwise proceed under Rule 123(a). Accordingly, in such a situation, we think it is

---

[5]Fed. R. Civ. P. 55 provides:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

(b) Judgment. Judgment by default may be entered as follows:

(1) *By the clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

(2) *By The Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

[6]See generally 6 J. Moore, Federal Practice, pars. 55.01–55.09 (2d ed. 1976); 10 C. Wright & A. Miller, Federal Practice and Procedure, secs. 2681–2688 (1973).

[7]See, e.g., *Bass v. Hoagland,* 172 F.2d 205, 210 (5th Cir. 1949), cert. denied 338 U.S. 816; *Tartaglia v. Del Papa,* 48 F.R.D. 292 (E.D. Pa. 1969). Such a view is consistent with *Miller-Pocahontas Coal Co. v. Commissioner,* 21 B.T.A. 1360 (1931), discussed *infra.*

within the discretion afforded us under Rule 123(a) to enter a default decision including the fraud addition to tax without the necessity of affirmative proof of fraud. Compare *Freedson v. Commissioner*, 67 T.C. 931 (1977), affd. 565 F.2d 954 (5th Cir. 1978). We agree with respondent that it would be a pointless waste of the Court's time and resources to require affirmative proof of fraud in a situation where it has been affirmatively indicated that the petitioner will no longer contest the addition to tax under section 6653(b).

In agreeing with respondent that he need not affirmatively prove fraud in this type of failure to proceed, we distinguish rather than reject our prior opinion in *Miller-Pocahontas Coal Co. v. Commissioner*, 21 B.T.A. 1360 (1931). In that case, the taxpayer did not appear at the trial and the Commissioner moved for an order of dismissal and judgment on the deficiency and addition to tax without offering any affirmative proof of fraud. However, the Board refused to include the fraud addition to tax in its order of dismissal. In its view, a decision based on dismissal could only include the amount of the deficiency and not the fraud addition to tax since the term "deficiency" did not include the fraud addition. (21 B.T.A. at 1361.) We note that the present statutory provision regarding a decision based on a dismissal (section 7459(d)), is similar to the statutory provision considered by the Board in the *Miller-Pocahontas* case. It may be arguable that our recently adopted default provisions in Rule 123(a), as well as the development of the Federal case law under rule 55, Federal Rules of Civil Procedure (enacted subsequent to *Miller-Pocahontas*), would justify the exercise of our discretion in permitting a default to include a fraud addition to tax without affirmative proof in the case of mere nonappearance at the trial.[8]

Accordingly, we conclude that where the petitioner initially denies fraud in his reply but it is thereafter clearly and unequivocally stated to the Court that the addition to tax under section 6653(b) will not be contested, we can exercise our discretion pursuant to Rule 123(a), and enter a default decision

---

[8]If we entered a default decision in such a situation, it could lead to an increased and indiscrimate use of the fraud penalty.

including the fraud addition to tax without the necessity of requiring respondent to affirmatively prove fraud.[9] Hence we find it unnecessary to decide whether we could likewise impose the fraud addition to tax without affirmative proof in a decision based on dismissal under Rule 123(b). See sec. 7459(d).

Respondent's motion for the entry of a default decision as to the deficiencies and additions to tax under section 6653(b) against Louis J. Gordon, deceased, will be granted.

> *An appropriate order and decision will be entered.*

---

[9]A similar result was reached in the *Estate of McGuinness, Deceased v. Commissioner*, docket Nos. 5467–73, 1094–74, and 1096–74, by order dated June 6, 1979.