RAYMOND D. and SANDRA RUSSELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Russell v. Commissioner
Docket No. 11754-81.
United States Tax Court
T.C. Memo 1983-42; 1983 Tax Ct. Memo LEXIS 746; 45 T.C.M. (CCH) 571; T.C.M. (RIA) 83042; January 24, 1983. Raymond D. Russell and Sandra Russell, pro se. Ronald D. Dalrymple and Robert T. Hollohan, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*747 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's Motion for Summary Judgment filed on November 23, 1982, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his Notice of Deficiency issued to petitioners on February 26, 1981 determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1977 in the amount of $4,402. In our view, the sole issue for decision is whether petitioners are entitled to claim an education deduction under section 162[3] for flight training expenses incurred by Raymond D. Russell, hereinafter called petitioner, for which he received nontaxable reimbursement from the Veterans Administration during 1977. Petitioners' legal address on the date they filed their petition was 3716 Greencrest Drive, Las Vegas, Nevada. They filed a joint 1977 Federal income tax return with the Internal Revenue Service Center at Ogden, Utah on May 22, 1978. Petitioners timely *748 mailed and, thus, timely filed their petition on May 29, 1981, wherein at paragraphs 4 and 5 they allege: 4. THE DETERMINATION OF TAX SET FORTH IN THE SAID NOTICE OF DEFICIENCY IS BASED UPON THE FOLLOWING ERRORS: A. EDUCATIONAL EXPENSE - $9,670.56 5. THE FACTS UPON WHICH THE PETITIONER RELIES, AS THE BASIS OF HIS CASE, ARE AS FOLLOWS: A. THE PETITIONER HAS FULLY ESTABLISHED THAT THE DISPUTED EDUCATIONAL EXPENSES WERE INCURRED TO MAINTAIN AND IMPROVE THE SKILLS REQUIRED IN HIS EMPLOYMENT AS A PROFESSIONAL PILOT. B. SAID EXPENSES DID NOT QUALIFY HIM FOR A NEW TRADE OR BUSINESS. C. SAID EXPENSES WERE IN FULL COMPLIANCE WITH IRC SEC. 162, AND SEC. 1.162-5 OF THE INCOME TAX REGULATIONS.
Respondent filed his answer on July 13, 1981. Thus, the pleadings are closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. During 1977 petitioner was employed as a professional pilot for Trans World Airlines, Inc. On their 1977 return petitioners claimed a deduction for education for the following expenses relating to flight training: Tuition, ground school and
flight training
[4] $8,659.12
Meals and Lodging
603.44
Auto expenses
408.00
[5] $9,670.56
*749 A veteran meeting the requirements of 38 U.S.C. 1677 (1976), which pertains to flight training, is entitled to receive reimbursement to the extent of 90 percent of the charges for tuition and fees relating to flight training. We find, on this record, that petitioner in 1977 was reimbursed for such charges by the Veterans Administration in the amount of $7,793.21, i.e., 90 percent of $8,659.12. Respondent now concedes, for purposes of his pending motion only, that the claimed educational expenses are ordinary and necessary employee business expenses under section 162 and deductible to the extent they exceed reimbursement from the Veterans Administration. Respondent, therefore, concedes petitioners are entitled to a deduction for educational expenses in the amount of $1,877.35. As we view this record, respondent's principal contention is that the claimed deduction should be disallowed to the extent that petitioner was reimbursed *750 by the Veterans Administration. We agree. Petitioners, on the other hand, nowhere in this record address respondent's contention. Rather, as set forth in paragraph 5 of their petition, they rely solely on section 162 and the regulations thereunder to sustain their deduction. On June 14, 1982, in a court-reviewed opinion, we addressed the very issue herein under consideration on facts substantially similar to those present in this case. We see no reason to traverse that ground once again. In Manocchio v. Commissioner,78 T.C. 989 (1982) (on appeal 9th Cir., Sept. 20, 1982), [6] we held that a deduction claimed for reimbursed flight training expenses was disallowed by section 265(1). Manocchio is dispositive of this case insofar as the reimbursed flight training expenses are concerned. [7]
*751 Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. The record here contains a complete copy of the Notice of Deficiency, the petition, the answer, respondent's motion and exhibits attached thereto (which includes a copy of petitioners' 1977 return), and respondent's affidavit. On the basis of the foregoing documents, respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record respecting the reimbursed flight training expenses and, thus, that respondent is entitled to a decision thereon as a matter of law. In such circumstance, *752 summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted with respect to the issue decided herein. [8] To reflect the foregoing and respondent's concession An appropriate order will be issued.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on January 5, 1983. Petitioners did not appear nor did they file a response to respondent's motion, albeit a copy thereof and a copy of respondent's affidavit together with a copy of the Court's Notice of Hearing were served on them by the Court on November 30, 1982. See Rule 50(c), Tax Court Rules of Practice and Procedure.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. For these expenses petitioner acquired an aircraft type rating in a Cessna Citation jet from Martin Aviation of Santa Ana, California. ↩
5. Respondent has disallowed all of these claimed expenses in his deficiency notice.↩
6. We observe that venue on appeal of this case would lie in the United States Court of Appeals for the Ninth Circuit. ↩
7. See Wells v. Commissioner,T.C. Memo. 1982-676; Murphy v. Commissioner,T.C. Memo. 1982-634; Heft v. Commissioner,T.C. Memo. 1982-444; Macon v. Commissioner,T.C. Memo. 1982-376; Byrne v. Commissioner,T.C. Memo. 1982-364; Beynon v. Commissioner,T.C. Memo. 1982-349↩.
8. Respondent has clearly raised the reimbursement issue in his deficiency notice. That issue is critical to a proper determination of this case. While petitioners did not allege error with respect thereto at any stage of this proceeding it was our decision to give them our reasons as to why their claimed deduction, insofar as the reimbursement is concerned, is not allowable in any event. In the alternative, we could have determined that petitioners, by not raising it in their petition, had conceded it. See Rule 34(b)(4); Gordon v. Commissioner,73 T.C. 736, 739↩ (1980).