DAVID R. and JOANN L. HARMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harman v. Commissioner
Docket No. 30173-81.
United States Tax Court
T.C. Memo 1983-107; 1983 Tax Ct. Memo LEXIS 681; 45 T.C.M. (CCH) 803; T.C.M. (RIA) 83107; February 22, 1983. David R. Harman and Joann L. Harman, pro se. James W. Clark and Bobby D. Burns, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION *682 OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's Motion for Summary Judgment filed on January 4, 1983 pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1978 in the amount of $980.59. [3]
The sole issue for decision is whether petitioners are entitled to claim an education deduction under section 162 [4] for expenses for flight training courses incurred in 1978 by David R. Harman, hereinafter called *683 petitioner, for which he received non-taxable reimbursement from the Veterans Administration. Petitioners' address on the date they filed their petition was 1861 Woodridge Court, Middleburg, Florida. They filed a joint 1978 Federal income tax return with the Internal Revenue Service. Petitioners at Paragraph 4 of their petition filed on December 15, 1981, allege-- Educational Expense increase of $8757.05. IRS disallowed deduction of VA Benefit Amount in this case - although they (IRS) admit the educational expense incurred does meet the requirement for legal deduction of expense. Similar cases have been dealt with nationwide, with drastically different final determinations made by IRS offices. This decision has clearly been capriciously and arbitrarily made at the unjust expense of the taxpayer! Respondent filed his answer on February 4, 1982, at which time the pleadings were closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, 121(a). During 1978 petitioner was released from active duty with the United States Marine Corps *684 where he served as a pilot, and subsequently was employed as a flight engineer by Pacific Southwest Airlines. In that year he incurred and paid $5,510.25 for flight training expenses for a course taken from Braniff Educational Systems in flight engineering which enabled him to obtain a flight engineer certificate. Also during that year he incurred and paid $4,782 for flight training expenses for a flight training program taken from Flight Proficiency, Inc., which enabled him to obtain an airline transport rating. As a result of taking these flight training courses, petitioner was entitled to and received payments from the Veterans Administration in the amount of $8,757.00 pursuant to 38 U.S.C. 1677 (1976), which pertains to flight training. Petitioners claimed the foregoing expenses on their 1978 return. Respondent has disallowed the claimed expenses to the extent petitioner was reimbursed by the Veterans Administration. We agree that the reimbursed expenses were properly disallowed. [5]
On June 14, 1982, in a court-reviewed opinion, we addressed the very issue *685 herein under consideration on facts substantially similar to those present in this case. We see no reason to traverse that ground once again. In Manocchio v. Commissioner,78 T.C. 989 (1982) (on appeal 9th Cir., Sept. 20, 1982), we held that a deduction claimed for reimbursed flight training expenses was disallowed by section 265(1). [6]Manocchio is dispositive of this case. [7]
Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) *686 states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. The record here contains a complete copy of the notice of deficiency, the petition and answer, respondent's motion and exhibits attached thereto (which include a copy of petitioners' 1978 return) and respondent's affidavit. On the basis of the foregoing documents, respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper procedure for disposition of this case. Therefore, we must and do grant respondent's motion. An appropriate order and decision will be entered.
Footnotes
1. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on February 2, 1983. Petitioners did not appear nor did they file a response to respondent's motion, albeit a copy thereof and a copy of respondent's affidavit together with a copy of the Court's Notice of Hearing were served on them by the Court on January 4, 1983.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We observe that while respondent claimed an increased deficiency in the amount of $415.41 in his answer he has conceded that claim in his motion. Respondent, in his deficiency notice, disallowed $97.41 claimed by petitioners for employee business expenses. Petitioners did not contest this adjustment. In such circumstance, Rule 34(b)(4) provides, in part--"Any issue not raised in the assignment of errors shall be deemed to be conceded". See Gordon v. Commissioner,73 T.C. 736, 739↩ (1980).
4. All section references are to the Internal Revenue Code of 1954, as amended.↩
5. Respondent has allowed the claimed expenses for which no reimbursement was received.↩
6. That opinion squarely addresses and fully answers all of petitioners' substantive contentions herein. ↩
7. See Russell v. Commissioner,T.C. Memo. 1983-42; Jackson v. Commissioner,T.C. Memo. 1983-41; Wells v. Commissioner,T.C. Memo. 1982-676; Murphy v. Commissioner,T.C. Memo. 1982-634; Heft v. Commissioner,T.C. Memo. 1982-444; Mason v. Commissioner,T.C. Memo. 1982-376; Byrne v. Commissioner,T.C. Memo. 1982-364; Beynon v. Commissioner,T.C. Memo. 1982-349↩.