PETER T. REYNOLDS AND REBECCA M. REYNOLDS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reynolds v. Commissioner
Docket No. 23671-82.
United States Tax Court
T.C. Memo 1983-223; 1983 Tax Ct. Memo LEXIS 567; 45 T.C.M. (CCH) 1380; T.C.M. (RIA) 83223; April 25, 1983. Peter T. Reynolds and Rebecca M. Reynolds pro se. Albert B. Kerkhove and Bobby D. Burns, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*568 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's Motion for Summary Judgment filed on February 4, 1983 pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1979 in the amount of $771.00. The sole issue for decision is whether petitioners are entitled to claim an education deduction under section 162 [3] for expenses for flight training courses incurred in 1979 by Peter T. Reynolds, hereinafter called petitioner, for which he received non-taxable reimbursement from the Veterans Administration.
Petitioners' address on the date they filed their petition was 18720 Willow Creek Drive, Colwich, Kansas. They filed a joint 1979 Federal income tax return with the Internal Revenue Service. Petitioners at paragraph 4 of their petition filed on September 23, 1982 allege-- Petitioners disagree with the deficiency because they *569 legally followed Rev. Rul. 62-213 in deducting educational expenses reimbursed by the Veteran's Administration. Rev. Rul. 62-213 was modified by Rev. Rul. 80-173, although the Service contends the old ruling was distinguished and clarified, as more fully explained in an outline of position attached hereto. * * * Respondent filed his answer on November 16, 1982. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121(a). During 1979 petitioner was employed as a test pilot for Gates Learjet Corporation. On Schedule A attached to petitioners' 1979 joint return petitioners claimed a miscellaneous deduction of $4,819.32 for flight training expenses (for DC-3, single and multi-engine seaplane ratings). Petitioners established payment of $1,747.01 for the claimed expenses, which respondent has allowed. Hence, respondent, in his deficiency notice, disallowed $3,072.31 of the claimed expenses on the grounds that such amount was not verified and that no deduction was allowable for the amount directly reimbursed by the Veterans Administration. During 1979 petitioner received reimbursement *570 from the Veterans Administration for expenses he incurred in taking the flight training in the aggregate amount of $2,982.60, [4] pursuant to 38 U.S.C. 1677 (1976). On June 14, 1982, in a court-reviewed opinion, we addressed the very issue herein under consideration on facts substantially similar to those present in this case. We see no reason to traverse that ground once again. In Manocchio v. Commissioner,78 T.C. 989 (1982) (on appeal 9th Cir., Sept. 20, 1982), we held that a deduction claimed for reimbursed flight training expenses was disallowed by section 265(1).[5]Manocchio is dispositive of this case. [6]
*571 Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists.
The record here contains a complete copy of the notice of deficiency, the petition and answer, respondent's motion, and respondent's affidavit and the exhibit attached thereto (a copy of petitioners' 1979 return). On the basis of the foregoing documents, respondent has demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such circumstance, summary judgment is a proper procedure for disposition of this case. *572 Therefore, we must and do grant respondent's motion. An appropriate order and decision will be entered.
Footnotes
1. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on April 6, 1983. Petitioners did not appear nor did they file a response to respondent's motion, albeit a copy thereof and a copy of respondent's affidavit (Declaration) together with a copy of the Court's Notice of Hearing were served on them by the Court on February 17, 1983.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. In the petition the only error alleged is with respect to those expenses reimbursed by the Veterans Administration. No error is alleged with respect to the difference between the amount disallowed in the notice ($3,072.31) and the amount of the reimbursed expenses ($2,982.60), i.e., $89.71. Hence, said amount is deemed conceded. Rule 34(b)(4). See Jarvis v. Commissioner,78 T.C. 646, 658 (1982); Gordon v. Commissioner,73 T.C. 736, 739↩ (1980).
5. That opinion squarely addresses and fully answers all of petitioners' substantive contentions herein. ↩
6. See Becker v. Commissioner,T.C. Memo. 1983-94; Russell v. Commissioner,T.C. Memo. 1983-42; Jackson v. Commissioner,T.C. Memo. 1983-41; Wells v. Commissioner,T.C. Memo. 1982-676; Murphy v. Commissioner,T.C. Memo. 1982-634; Heft v. Commissioner,T.C. Memo. 1982-444; Mason v. Commissioner,T.C. Memo. 1982-376; Byrne v. Commissioner,T.C. Memo. 1982-364; Beynon v. Commissioner,T.C. Memo. 1982-349↩.