LORNA D. STAMOS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stamos v. Commissioner
Docket No. 29902-89
United States Tax Court
T.C. Memo 1990-625; 1990 Tax Ct. Memo LEXIS 711; 60 T.C.M. (CCH) 1414; T.C.M. (RIA) 90625; December 12, 1990, Filed *711 An appropriate order and decision will be entered. Lorna D. Stamos, pro se. Bridgette M. Gibson, for the respondent. PARR, Judge. PARR
*2038 MEMORANDUM OPINION This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 40. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to tax
Taxable year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6654
Dec. 31, 1985
$ 2903
$ 726 $ 145 * $ 166
Dec. 31, 1986
3226
807 161 **
156
*712 Petitioner resided in Lodi, Calif., at the time she timely filed her petition in this Court. The only assertion in her petition is that this Court lacks jurisdiction to redetermine the deficiencies for the following reasons: (1) that pursuant to section 6212 respondent lacks duly delegated authority to perform the function of the Secretary to determine that a deficiency exists; (2) that delegation orders are required pursuant to 44 U.S.C. sec. 1501 et seq. (1988) (the Federal Register Act), to be published in the Federal Register in order for them to be valid; (3) the Secretary of the Treasury did not publish his order delegating authority to respondent to determine deficiencies or to send a notice of deficiency to petitioner. Petitioner *713 does not raise any additional assignments of error. Respondent filed a motion to dismiss for failure to state a claim under Rule 40, and requested therein that the United States be awarded damages under section 6673. Petitioner did not file a notice of objection. Respondent asserts that this case should be dismissed for failure to state a claim, because petitioner failed to allege in her petition any justiciable error, and merely asserts frivolous protestor-type criticisms of respondent's authority to issue statutory notices of deficiency where the delegation order has not been published in the Federal Register. Because the jurisdiction of this Court lies on a valid statutory notice of deficiency, we must first decide whether the notice is valid. If it is, then we have jurisdiction to redetermine the deficiencies and to rule on respondent's motion. Petitioner previously made the argument she asserts above in Stamos v. Commissioner, 95 T.C. (1990). In that case, we considered and rejected this argument. We cannot envision any reason to again refute these arguments with somber reasoning and copious citation of precedent. Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984). *714 Accordingly, we conclude the statutory notice of deficiencies in issue is valid, and thus this Court has jurisdiction to entertain respondent's motion. Next we address respondent's motion to dismiss pursuant to Rule 40. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition when it appears beyond doubt that the taxpayer can prove no set of facts in support of her claim which would entitle her to relief. Under Rule 34(b)(4) and (5), a petition must contain: (1) "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency;" and (2) "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." Moreover, any issues not raised in the assignment of error shall be deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). Petitioner failed to assert any assignments of error relating to respondent's determinations in addition to her jurisdictional *715 challenge. Accordingly, all issues raised in the notice of deficiency are deemed conceded. Petitioner has failed to state a claim upon which relief can be granted. Accordingly, respondent's motion to dismiss will be granted. We now consider whether to award damages to the United States under section 6673. Whenever it appears to the Court that a taxpayer's position in a proceeding is frivolous or groundless, that the preceeding was instituted or maintained primarily for delay, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages (now called a penalty) in an amount not in excess of $ 25,000 [2] shall be awarded to the United States by the Court in its decision. Section 6673(a). Petitioner's *716 failure to allege justiciable error persuades us that this suit was instituted primarily for delay. Accordingly, we award damages to the United States in the amount of $ 500. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the taxable years in issue.↩
*. 50 percent of the interest payable on $ 2903.↩
**. 50 percent of the interest payable on $ 3226.↩
2. The amount of the penalty was increased from $ 5,000 to $ 25,000 by the Revenue Reconciliation Act of 1989, Pub.L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400 applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩