T.C. Memo. 1996-367


UNITED STATES TAX COURT


FERDINAND DECAPRIO AND CLAIRE DECAPRIO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7796-94.                    Filed August 12, 1996.


Ferdinand DeCaprio, pro se.

<u>Kevin M. Flynn</u>, for petitioner Claire DeCaprio.

<u>Tracy A. Murphy</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion under Rule 123(a)[1] that petitioner Ferdinand

_____

[1]  All Rule references are to the Tax Court Rules of Practice and
Procedure.  All section references are to the Internal Revenue
Code in effect for the years at issue.

DeCaprio be held in default (respondent's motion).

Respondent determined the following deficiencies in, and additions to, petitioner Ferdinand DeCaprio's Federal income tax:[2]

|  |  | Additions to Tax | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Year | Deficiency | Section 6653(b)(1) | Section 6653(b)(1)(A) | Section 6653(b)(1)(B) | Section 6653(b)(2) | Section 6661 |
| 1983 | $22,380 | $11,190 | -- | -- | * | $5,595 |
| 1984 | 7,474 | 3,737 | -- | -- | * | 1,869 |
| 1985 | 9,587 | 4,794 | -- | -- | * | 2,397 |
| 1986 | 18,446 | -- | $13,835 | * | -- | 4,612 |

* 50 percent of the interest due on the portion of the underpayment attributable to fraud.  Respondent determined that the entire underpayment for each of the years at issue was due to fraud.

In respondent's motion, respondent asks us to take account of certain concessions by respondent and to find the following deficiencies in, and additions to, petitioner's Federal income tax:

|  |  | Additions to Tax | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| Year | Deficiency | Section 6653(b)(1) | Section 6653(b)(1)(A) | Section 6653(b)(1)(B) | Section 6653(b)(2) | Section 6661 |
| 1983 | $17,045 | $8,523 | -- | -- | * | $4,261 |
| 1984 | 4,553 | 2,277 | -- | -- | * | -0- |
| 1985 | 6,452 | 3,226 | -- | -- | * | 1,613 |
| 1986 | -0- | -- | -0- | -0- | -- | -0- |

---

[2]  In the notice of deficiency (notice) issued to both Ferdinand DeCaprio and Claire DeCaprio, respondent determined the same deficiencies in, but not the same additions to, Claire DeCaprio's Federal income tax.  That is to say, while respondent determined deficiencies in petitioner Claire DeCaprio's Federal income tax for 1983 through 1986 in the amounts of $22,380, $7,474, $9,587, and $18,446, respectively, she determined additions to petitioner Claire DeCaprio's Federal income tax only under sec. 6661 for each of those years in the amounts of $5,595, $1,869, $2,397, and $4,612, respectively.  Petitioner Claire DeCaprio and respondent entered into, and filed with the Court, a stipulation of settled issues disposing of all issues as to petitioner Claire DeCaprio.  Hereinafter, all references to petitioner shall be to petitioner Ferdinand DeCaprio.

\* 50 percent of the interest due on $17,045, $4,553, and $6,452 for 1983,
1984, and 1985, respectively.

Petitioner resided in Montvale, New Jersey, at the time the
petition was filed.

In the petition, petitioner alleged, inter alia, that
assessment of the deficiencies in, and additions to, tax for
1983, 1984, and 1985[3] is barred by the statute of limitations.

On July 11, 1994, respondent filed an answer to the petition
in which she denied all substantive allegations of fact and error
and affirmatively alleged, inter alia:

> 7.   FURTHER ANSWERING the petition, and as a
> defense to the assignment of error that the statute of
> limitations bars the assessment and collection of the
> deficiencies in income tax and the additions to tax due
> from the petitioners for the taxable years 1983, 1984,
> 1985 * * * , the respondent alleges:
>
> (a)  The income tax due from the petitioners
> for the years 1983, 1984, 1985 * * * may be assessed,
> or a proceeding in Court for the collection of such tax
> may be begun without assessment, at any time under the
> provisions of I.R.C. § 6501(c)(1), because the peti-
> tioners filed false or fraudulent income tax returns
> for said years with intent to evade tax, as is more
> fully set forth by the facts alleged in paragraph 8
> below setting forth the details of the fraud, which
> facts are relied upon by the respondent as a defense to
> any issue involving the statute of limitations.
>
> 8.   FURTHER ANSWERING the petition, and in sup-
> port of the determination that part of the underpayment
> of tax required to be shown on the petitioners' income

---

[3]  Petitioner also alleged, inter alia, that assessment of the
deficiencies in, and additions to, tax for 1986 is barred by the
statute of limitations.  However, in light of the representations
in respondent's motion that, for 1986, (1) there is no deficiency
in income tax due from, or overpayment due to, petitioner and
(2) there are no additions to tax due from petitioner under secs.
6653(b)(1)(A) and (B) and 6661, we shall not address any allega-
tions in any of the pleadings relating to 1986.

tax returns for the taxable year 1983 is due to fraud on the part of petitioner Ferdinand DeCaprio, the respondent affirmatively relies upon the doctrine of collateral estoppel (estoppel by judgment) and alleges:

(a)  Ferdinand DeCaprio, one of the petitioners herein, is the same person who was the defendant in the criminal case of <u>United States of America v. Ferdinand DeCaprio</u> (Southern District of New York, Docket No. 89 Cr. 981).

(b)  The respondent herein is a party in privity with the United States of America, the prosecuting party in the aforesaid criminal case in which Petitioner Ferdinand DeCaprio was the defendant.

(c)  There was a waiver of indictment in the aforesaid criminal case which took place before Magistrate Tyler.

(d)  On December 20, 1989, Petitioner Ferdinand DeCaprio appeared before Judge Gerard L. Goettel, District Court Judge, Southern District of New York, and pled guilty under I.R.C. § 7201 to evading income taxes in the taxable year 1983.

(e)  Among the questions asked by Judge Goettel during Petitioner Ferdinand DeCaprio's allocution was whether he willfully filed a false and fraudulent income tax return for the taxable year 1983 with intent to evade and defeat income tax, and whether he did in fact by such means understate a part of the income tax due and owing by him to the United States of America for said year.  Petitioner answered in the affirmative to these questions.

(g)  One of the issues in the instant case is whether the addition to tax imposed by I.R.C. § 6653(b) should be imposed against Petitioner Ferdinand DeCaprio for the taxable year 1983.

(h)  The issue in the instant case is the same as the issue which was presented in the aforesaid criminal case and determined adversely to petitioner Ferdinand DeCaprio since the court accepted his guilty plea.  Both the imposition of the addition to tax against the petitioner for the taxable year 1983, under I.R.C. § 6653(b), and the guilty plea for violation of I.R.C. § 7201 are each dependent upon findings that the petitioner for the taxable year 1983 did in fact file a

false and fraudulent income tax return, and that by reason of such fraud, there is for said year an underpayment of income tax.

(i) The prior guilty plea by Petitioner Ferdinand DeCaprio is conclusive and binding on him, and by reason thereof, he is estoped in the instant case under the doctrine of collateral estoppel (estoppel by judgment), from denying herein that he willfully filed a false and fraudulent income tax return for the taxable year 1983 with intent to evade and defeat a part of the income tax due and owing by him for said year, and that due to such fraud there is for said year an underpayment of tax within the meaning of I.R.C. § 6653(b).

(j) By reason of such a guilty plea, petitioner Ferdinand DeCaprio is estopped in the instant case, under the doctrine of collateral estoppel (estoppel by judgment), from denying that a part of the underpayment of income tax for the taxable year 1983 is due to fraud, and that, therefore, he is liable for the addition to tax imposed by I.R.C. § 6653(b), as determined by respondent in the statutory notice of deficiency, upon which notice the instant case is based.

9. FURTHER ANSWERING the petition, and in support of the determination that part of the underpayments of tax required to be shown on the petitioners' income tax returns for the taxable years 1983, 1984, 1985 * * * are due to fraud on the part of Petitioner Ferdinand DeCaprio, the respondent alleges:

(a) On December 20, 1989, petitioner Ferdinand DeCaprio appeared before Judge Gerard L. Goettel, District Court Judge, Southern District of New York, and pled guilty to evading income taxes in the taxable year 1983.

(b) On that same date, Petitioner Ferdinand DeCaprio allocuted, under penalty of perjury or false statement, that during the taxable years 1983 through 1986, he was the owner of two businesses, All Conservation, Inc. and Nationwise Exterminating and Deodorizing, Inc., which were engaged in pest control and extermination.

(c) On that same date, petitioner Ferdinand DeCaprio allocuted, under penalty of perjury or false statement, that during the taxable years 1983 through

1986, he received unreported cash income from the two businesses that he owned and that these cash receipts were unreported in the corporate books.

(d) On that same date, petitioner Ferdinand DeCaprio allocuted, under penalty of perjury or false statement, that the additional unreported income that he received was as follows: $66,000 during the taxable year 1983; $16,798 during the taxable year 1984; $19,835 during the taxable year 1985; * * *

(e) On that same date, petitioner Ferdinand DeCaprio allocuted, under penalty of perjury or false statement, that he used the unreported cash income to pay for his personal expenses.

(f) On that same date, petitioner Ferdinand DeCaprio allocuted, under penalty of perjury or false statement, that he knew it was illegal to not report on his income tax return the additional cash income listed in subparagraph (d) above.

(g) On that same date, petitioner Ferdinand DeCaprio allocuted, under penalty of perjury or false statement, that the medication he was using at that time did not affect his ability to think.

(h) [P]etitioner Ferdinand DeCaprio's fraudulent omission of specific items of income on his income tax returns filed for the taxable years 1983, 1984, 1985 * * *, is a part of a * * * pattern of intent to evade taxes.

(i) Petitioner Ferdinand DeCaprio understated his taxable income on his income tax returns for the taxable years 1983, 1984, 1985 * * *, in the amounts of $66,000, $16,798, $19,835, * * *, respectively.

(j) Petitioner Ferdinand DeCaprio understated his income tax liabilities on his income tax returns for the taxable years 1983, 1984, 1985 * * *, in the amounts of $22,380, $7,474, $9,587, * * *, respectively.

(k) Petitioner Ferdinand DeCaprio fraudulently, and with intent to evade tax, omitted from his income tax returns for the taxable years 1983, 1984, 1985 * * * income in the amounts of $66,000, $16,798, $19,835, * * *, respectively.

(l) A part of each deficiency in income tax for the taxable years 1983, 1984, 1985 * * * is due to fraud with intent to evade.

On August 29, 1994, petitioner filed a reply to respondent's answer. In that reply, petitioner denied generally the detailed allegations contained in paragraphs 7, 8, and 9 of the answer and made various allegations, including that (1) petitioners did not file false or fraudulent income tax returns for 1983, 1984, or 1985; (2) the assertion of the additions to tax under section 6653(b) against petitioner is invalid under the double jeopardy clause of the Fifth Amendment to the U.S. Constitution (Fifth Amendment); (3) petitioner did not have the requisite mental state to comprehend the meaning and import of the proceedings in United States v. Ferdinand DeCaprio No. 89 Cr. 981 (S.D.N.Y.) (criminal tax proceedings) at the time of their occurrence or to enter a knowing and voluntary guilty plea in those proceedings; and (4) "Petitioners are not required to respond to this allegation because it states legal conclusions rather than allegations of fact."

Petitioner alleged the following in the reply with respect to paragraph 9 in the answer:

(9) Allege that as to petitioner Ferdinand DeCaprio, the assertion of the addition to tax imposed by I.R.C. § 6653(b) is invalid under the double jeopardy clause of the Fifth Amendment to the U.S. Constitution.

(a) Admit that the petitioner Ferdinand DeCaprio appeared before Judge Goettel on December 20, 1989, but deny that Mr. DeCaprio had the requisite mental state to enter a knowing and voluntary guilty

plea.

> (b)  Deny and allege that Mr. DeCaprio did not have the requisite mental state to comprehend the meaning and import of any questions posed or answers giving [sic] concerning these issues.

> (c)  Deny and allege that Mr. DeCaprio did not have the requisite mental state to comprehend the meaning and import of the questions posed and answers provided concerning these issues.

> (d)  Deny and allege that Mr. DeCaprio did not have the requisite mental state to comprehend the meaning and import of the questions posed and answers provided concerning these issues.

> (e)  Deny and allege that Mr. DeCaprio did not have the requisite mental state to comprehend the meaning and import of the questions posed and answers provided concerning these issues.

> (f)  Deny and allege that Mr. DeCaprio did not have the requisite mental state to comprehend the meaning and import of the questions posed and answers provided concerning these issues.

> (g)  Deny and allege that Mr. DeCaprio did not have the requisite mental state to comprehend the meaning and import of the questions posed and answers provided concerning these issues.

> (h)  Deny.

> (i)  Deny.

> (j)  Deny.

> (k)  Deny.

> (l)  Deny.

In respondent's motion, respondent represents, inter alia, that (1) around sometime after November 3, 1995, and prior to May 10, 1996, petitioner's then counsel John J. Tigue, Jr. (Mr. Tigue) held a conference with respondent's appeals officer

assigned to this case and ultimately reached a basis of settlement and that that appeals officer prepared decision documents reflecting that settlement which he sent to Mr. Tigue for review and execution on or about May 10, 1996; (2) on June 7, 1996, respondent's counsel received a telephone call from Mr. Tigue during which Mr. Tigue indicated that petitioner would not execute the decision documents or proceed to trial and that Mr. Tigue intended to file a motion to withdraw; (3) respondent's counsel advised Mr. Tigue that respondent would file a motion to dismiss for lack of prosecution if petitioner failed to execute the decision documents and did not intend to proceed to trial; (4) on June 10, 1996, respondent's counsel telephoned Mr. Tigue who informed him that petitioner still refused to sign the decision documents and that Mr. Tigue would file a motion to withdraw as counsel; and (5) on June 11, 1996, respondent's counsel telephoned Mr. Tigue, and during that call Mr. Tigue informed respondent's counsel that Mr. Tigue had filed a motion to withdraw as counsel, and respondent's counsel thereupon advised Mr. Tigue of respondent's intent to file respondent's motion.

On June 11, 1996, Mr. Tigue filed a motion to withdraw as counsel pursuant to Rule 24(c) (Mr. Tigue's motion to withdraw). In support of that motion, Mr. Tigue represented, inter alia, that petitioner had advised him that petitioner "does not intend to proceed to trial on June 17 or on any other date * * * [and

that] petitioner has rejected the final proposed settlement offer from the respondent."  Mr. Tigue's motion to withdraw was set for hearing on June 17, 1996, at the Court's trial session at New York, New York (trial session).

On June 17, 1996, this case was called from the calendar at the trial session, and Mr. Tigue and Kevin M. Flynn, counsel for petitioner Claire DeCaprio, appeared, but petitioner did not appear.  Counsel for respondent also appeared and filed respondent's motion.  On the same date, this case was recalled from the calendar at the trial session for hearing (hearing) on both Mr. Tigue's motion to withdraw and respondent's motion.  Petitioner appeared at that hearing, as did Mr. Tigue and counsel for respondent.

With respect to Mr. Tigue's motion to withdraw and respondent's motion, petitioner informed the Court at the hearing that he did not intend to settle this case and that he did not intend to proceed to trial.  The Court granted Mr. Tigue's motion to withdraw and took respondent's motion under advisement.

Petitioner has the burden of proof on all issues remaining in this case except the additions to tax for fraud.[4]  Rule 142(a)

---

[4]  Although petitioner alleged in the petition that assessment of the deficiencies in, and additions to, tax for 1983, 1984, and 1985 is barred by the statute of limitations, petitioner has the burden, which he has failed to satisfy, of proving when the returns for those years were filed and when the period of limitations applicable to those years expired.  See Miami Purchasing Service Corp. v. Commissioner, 76 T.C. 818, 823 (1981).  Moreover, we find below that respondent has established fraud for

(continued...)

and (b).  Respondent has the burden of proof with respect to those additions to tax, which she must satisfy by clear and convincing evidence.  Sec. 7454(a); Rule 142(b).

In Mr. Tigue's motion to withdraw, Mr. Tigue represented that petitioner had advised him that he did not intend to settle this case or to proceed to trial.  At the hearing on that motion and respondent's motion, petitioner appeared and confirmed what Mr. Tigue had represented in that motion when petitioner indicated that he did not intend to settle this case or to proceed to trial.  We find that, by so indicating, petitioner unequivocally informed the Court that he will not contest any of the deficiencies in, or additions to, tax that remain at issue.  Such a statement by petitioner may be characterized as either an abandonment of all issues remaining in this case or a failure other-

---

[4](...continued)
each of the years 1983, 1984, and 1985, and, consequently, the statute of limitations for each of those years does not bar assessment of the deficiencies in, and additions to, tax that are due from petitioner for each of those years.  Sec. 6501(c)(1); see DiLeo v. Commissioner, 96 T.C. 858, 880 (1991), affd. 959 F.2d 16 (2d Cir. 1992).

In the answer, respondent alleged as an alternative to the additions to tax for fraud that petitioner is liable for the additions to tax for negligence under sec. 6653(a)(1) and (2) for 1983, 1984, and 1985 and under sec. 6653(a)(1)(A) and (B) for 1986.  Respondent had not made any such determinations in the notice.  Since respondent raised the alternative additions to tax for negligence by affirmative allegations in the answer and did not determine them in the notice, respondent bears the burden of proof as to those alternative additions to tax.  Rule 142(a). Respondent's motion does not specifically request a default decision as to the alternative additions to tax for negligence, and we therefore consider them to have been abandoned by respondent.  See Rybak v. Commissioner, 91 T.C. 524, 566 (1988).

wise to proceed under Rule 123(a).[5]  Consequently, even though petitioner initially denied fraud in the reply, it is within our discretion under Rule 123(a) to enter a default decision sustaining all deficiencies in, and additions to, tax remaining in this case, including the additions to tax under section 6653(b) for 1983, 1984, and 1985, without requiring respondent to prove fraud affirmatively.[6]  Gordon v. Commissioner, 73 T.C. 736, 740-742 (1980).  It would be a waste of the Court's time and resources to require affirmative proof of fraud in the present case where petitioner has unequivocally indicated that he will no longer contest, inter alia, the additions to tax under section 6653(b). Id. at 742.

Under the particular circumstances presented here, we find that petitioner has not only failed to carry his burden of proof as to all issues remaining in this case on which he has the

---

[5]  Rule 123(a) provides in pertinent part that a party may be held in default if such party "has failed to plead or otherwise proceed as provided by these Rules".

[6]  We note that we find no merit in petitioner's allegation in the reply that the additions to tax for fraud are invalid under the double jeopardy clause of the Fifth Amendment.  The addition to tax for fraud is a civil, and not a criminal, provision that was enacted "primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." Helvering v. Mitchell, 303 U.S. 391, 401 (1938).  It is well established that a conviction for tax fraud under sec. 7201 and the imposition of the addition to tax for fraud under sec. 6653(b) do not place a taxpayer in double jeopardy within the meaning of the Fifth Amendment.  See Helvering v. Mitchell, supra at 399-404; United States v. Alt, 83 F.3d 779, 781-784 (6th Cir. 1996); Ianniello v. Commissioner, 98 T.C. 165, 176-185 (1992).

burden of proof (viz., the deficiencies for 1983, 1984, and 1985 and the additions to tax under section 6661 for 1983 and 1985),[7] he also has defaulted within the meaning of Rule 123(a).

Our finding of default here has the effect of deeming admitted all of respondent's allegations in the answer relating to, inter alia, the fraud issue. We have examined those allegations and find them to be sufficient, if taken to be true by petitioner's default, to show the existence of fraud for each of the years 1983, 1984, and 1985.[8] See Smith v. Commissioner, 91 T.C. 1049, 1059 (1988), affd. 926 F.2d 1470 (6th Cir. 1991); Rechtzigel v. Commissioner, 79 T.C. 132, 142 (1982), affd. 703 F.2d 1063 (8th Cir. 1983).

Specifically, we find that the answer details facts showing that petitioner did not report certain cash income he received during each of the years 1983, 1984, and 1985 and that petitioner knew it was illegal not to report such income.[9]

We hold petitioner in default as to the deficiencies in, and

---

[7] See supra note 4, first paragraph.

[8] We therefore need not address respondent's allegations in the answer in support of her position that petitioner is collaterally estopped from denying fraud for 1983.

[9] In particular, the answer states, inter alia, that at the criminal tax proceedings, petitioner allocuted, under penalty of perjury or false statement, that, inter alia, during 1983, 1984, and 1985, he received unreported cash income from two businesses that he owned, that those cash receipts were not reported in the books of those businesses, that he used the unreported income to pay his personal expenses, and that he knew it was illegal not to report the unreported income in his income tax returns.

additions under sections 6653(b) and 6661 to, tax that remain in dispute for the years 1983, 1984, and 1985.  Accordingly, respondent's motion will be granted.

To reflect the foregoing,

An appropriate order and decision will be entered.