T.C. Memo. 1995-541


UNITED STATES TAX COURT


BRUCE P. CADWELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17703-94.                Filed November 15, 1995.


<u>Steven B. Jacobs</u>, for petitioner.

<u>Kevin G. Croke</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  This case is presently before the Court on respondent's Motion for Summary Judgment pursuant to Rule 121 of the Tax Court Rules of Practice and Procedure;[1] the motion was filed October 23, 1995.

_____

[1]   All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years in issue, unless otherwise indicated.

By separate notices of deficiency, respondent determined additions to petitioner's Federal income tax for fraud under section 6653(b), as follows:[2]

| Year | Deficiency | Additions to Tax | | | |
|------|-----------|------------------|---|---|---|
| | | Sec. 6653(b)(1) | Sec. 6653(b)(2) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) |
| 1983 | $-0- | 6,364 | [1] | -- | -- |
| 1984 | -0- | 5,848 | [1] | -- | -- |
| 1985 | -0- | 3,743 | [1] | -- | -- |
| 1986 | -0- | -- | -- | $10,285 | [1] |
| 1987 | -0- | -- | -- | 3,773 | [1] |
| 1988 | -0- | -- | -- | 2,248 | -- |

[1] 50 percent of the interest due on the portion of the underpayment attributable to fraud.

Petitioner timely filed his petition, and respondent thereafter filed her answer to the petition. In her answer, respondent alleged the facts on which she relied to support her determinations of additions to tax for fraud. Petitioner did not file a reply to respondent's answer. On January 26, 1995, respondent filed a motion under Rule 37(c) for an order that the undenied allegations in the answer be deemed to be admitted. A copy of that motion and the Court's Notice of Filing of Motion for Order Under Rule 37 were served on petitioner's counsel by the Court on January 27, 1995. The Notice gave petitioner until February 16, 1995, to file a reply in which case respondent's motion would be denied. Petitioner did not file a reply, and, on

[2]     Prior to the issuance of the notices of deficiency, petitioner agreed that he failed to report income for the tax years 1983-88, but he disagreed with respondent's imposition of the additions to tax for fraud under sec. 6653(b).

February 24, 1995, the Court granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations of fact contained in paragraphs 7 and 8 of respondent's answer.  Rule 37(c).  On promulgation of our order the pleadings herein were closed.  See Rules 34, 36, 37, 38, 121.  The following findings of fact are based upon the allegations in the answer which are deemed to be admitted.

FINDINGS OF FACT

Petitioner filed Federal income tax returns in 1979, 1980, and 1981 jointly with his wife (Pamela Marie Tinsley-Cadwell). Although aware of his filing obligation, petitioner failed to file timely tax returns for tax years 1983 through 1988, resulting in the omission of $243,170 of income.  During the years at issue, petitioner received $243,170 in the form of wage income or self-employment income as follows:

| Year | Payer | Income |
|------|-------|--------|
| 1983 | Holaday-Parks, Inc. | $47,562.74 |
| 1984 | Holaday-Parks, Inc. | 4,777.51 |
| 1984 | Peter Kiewit Sons Co. | 11,923.67 |
| 1984 | Natkin Sheet Metal Co. | 20,183.68 |
| 1984 | Sun-Air Sheet Metal, Inc. | 1,392.33 |
| 1984 | Toklat Sheet Metal, Inc. | 13,078.02 |
| | Total 1984 | 51,355.21 |
| 1985 | Toklat Sheet Metal, Inc. | 39,681.41 |
| 1986 | Toklat Sheet Metal, Inc. | 52,000.62 |
| 1987 | Toklat Sheet Metal, Inc. | 20,987.72 |
| 1987 | Sandstrom Plumbing & Heating | 9,501.36 |
| | Total 1987 | 30,489.08 |

| 1988 | Sandstrom Plumbing & Heating | 18,794.71 |
|------|------------------------------|-----------|
| 1988 | Wayne R. Sandstrom Et al. Ptr. | 3,287.00 |
|      | Total 1988 | 22,081.71 |

Petitioner filed Form W-4 with exempt status during the years 1983, 1984, 1985, 1987, and 1988, claiming he owed no tax in each of the prior years and expected to owe no income tax for the current year. Petitioner requested his union to withhold information from the Internal Revenue Service (IRS). The majority of petitioner's paychecks were signed over to a third party in an attempt to conceal transactions from the IRS.

Petitioner was the defendant in the criminal case of United States v. Cadwell, Docket No. A91-0022CR (D. Alaska 1991). Respondent herein is a party in privity with the United States, the prosecuting party in the aforesaid case. In that case, petitioner was indicted on four counts of income tax evasion, in violation of section 7201. On July 1, 1991, petitioner entered a plea of guilty to counts III and IV of the indictment for the charged offense of Attempted Evasion of Income Tax relating to his personal income tax returns for tax years 1986 and 1987.

The District Court accepted petitioner's guilty plea to counts III and IV of the indictment upon being satisfied that there was adequate factual basis that petitioner did willfully attempt to evade and defeat part of his income tax for the taxable years 1986 and 1987, and was therefore guilty as charged. Petitioner was convicted on his guilty plea, and the judgment is final.

One of the issues in the instant case is whether the additions to tax under section 6653(b) should be imposed against petitioner for the taxable years 1986 and 1987. This same issue was presented and determined against petitioner in the criminal case, to the extent that a conviction on counts III and IV in the indictment is dependent upon a finding that petitioner did willfully attempt to evade or defeat part of his income tax.

The prior criminal conviction of petitioner under section 7201 for the taxable years 1986 and 1987 is conclusive and binding upon him. By reason thereof, petitioner is estopped in the instant case under the doctrine of collateral estoppel from denying herein that he did willfully attempt to evade or defeat his Federal income tax liability for the taxable years 1986 and 1987, and that he knew and believed that the items described in counts III and IV of the indictment, and which are the basis of allegations of fraud in respondent's answer, were reportable as taxable income in 1986 and 1987, respectively.

OPINION

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

Section 6653(b) provides for the imposition of an addition to tax if any part of any underpayment of tax required to be shown on the return is due to fraud.  The burden of proof with respect to fraud is upon the Commissioner to prove, by clear and convincing evidence, that some part of the underpayment of tax was due to fraud with an intent to evade tax.  Sec. 7454(a); Rule 142(b); <u>Imburgia v. Commissioner</u>, 22 T.C. 1002 (1954).  That burden can be satisfied by the Commissioner by undenied facts deemed admitted under Rule 37(c).  <u>Doncaster v. Commissioner</u>, 77 T.C. 334 (1981); <u>Marcus v. Commissioner</u>, 70 T.C. 562 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); <u>Gilday v. Commissioner</u>, 62 T.C. 260 (1974).  Furthermore, if the fraud allegations are deemed admitted by motion under Rule 37(c), the Commissioner may move for judgment on the fraud issue on the basis of the facts deemed admitted pursuant to Rule 120 (Judgment

on the Pleadings), Rule 121 (Summary Judgment), or Rule 122 (Submission Without Trial). Gordon v. Commissioner, 73 T.C. 736, 739 (1980).

Petitioner conceded an understatement of tax for each of the years at issue. Accordingly, we must determine whether any part of the underpayment was due to fraud with intent to evade income tax by petitioner. In the case at bar, material allegations in the answer with respect to fraud have been deemed to be admitted by our granting of respondent's Rule 37(c) motion. In our view, those findings of fact clearly and convincingly establish fraud with intent to evade tax.

For the tax years 1986 and 1987, fraud is conclusively established by petitioner's prior conviction under section 7201 for those years. Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68 (1964). As to the remaining years--1983, 1984, 1985, and 1988--there are numerous badges of fraud. Petitioner misrepresented his status as exempt on Form W-4; i.e., he claimed he owed no taxes for the years at issue, but he had unreported income in the amount of $243,170. In an attempt to conceal his income and evade taxes, petitioner withheld information from the IRS. Moreover, he signed his paychecks over to third parties in an attempt to conceal transactions from the IRS and evade taxes. Furthermore, petitioner knew of his tax return filing obligation, yet he willfully failed to file tax returns for the years at issue.

The facts admitted establish a pattern of fraudulent conduct, including failure to report income and elaborate efforts to conceal that income and to prevent the collection of taxes on that income. The admitted facts thus constitute clear and convincing evidence of fraud for all of the years in issue, and respondent's burden of proof has been satisfied.

Because the matters admitted are sufficient to satisfy respondent's burden of proving fraud and there exists no genuine issue of any material fact, respondent's Motion for Summary Judgment will be granted. Rule 121(b).

An appropriate order and decision will be entered for respondent.